Wash, J.,
delivered the opinion of the Court.
This was aft action brought by Bartlett, the defendant in error, against Hyde, the plaintiff in error, in the Marion Circuit Court, in which Bartlett got judgment, to reverse which Hyde has appealed to this Court.
The testimony is preserved by a bill of exceptions, from which we collect that on the 9th day of November, 1832, Bartlett, the defendant in error, applied for and obtained from the County Court of Ralls county, letters of administration on the estate of one Spillsbury C. Garrett, who came as a traveler and a stranger to the house of Hyde, the plaintiff in error, where he (Garrett) was taken sick and died after a few •days, leaving three hundred and forty-five dollars, which came into the possession of Hyde; that on the 12th day of November, 1832, some person (not named in the record) obtained letters of administration upon the estate of Garrett in Kentucky; and that Hyde paid said money to said administrator from Kentucky, at the county of Ralls, on the first day of December, 1832; that the defendant (Hyde) also offered to prove that all the expenses of the last sickness of said deceased,at the house of said defendant, were paid and settled; by whom, to whom, or when they were paid, is not shown. The Circuit Court excluded the evidence of payment to the Kentucky administrator, as also the evidence offered to prove payment of the expenses of the last sickness. The plaintiff in error excepted to the decision of the Circuit Court in excluding the evidence, and now assigns it for error.
It seems to us clear that the Circuit Court decided correctly in excluding the evidence. The property of every person who dies in Missouri, whether domiciliated *344 or not, citizen or stranger, becomes subject at his death, to. the course oí administration provided by our statutes, and is regarded as in the custody of the law, for the benefit of all persons interested. It is equally the right and duty of the administrator to collect and account for the assets to the creditors and others entitled to distribution ; to dispose of the. property before administration, would constitute an executor da son tort, and render the party liable to an action. If this course were permitted, it is clear that the provision of the law which secures to the State the property of a person dying without heirs, might be and most probably would be entirely defeated. The hardship of the case, which was so much pressed, in the argument of the appellant’s counsel, is no where to be found- in the record. Hyde may have been negligent in {Saying- over the money to the Kentucky administrator,, without an- indemnity properly secured ; and if so, will have to bear the loss, but neither laws nor Courts can shield a man from the consequences of wilful negligence or folly. Por aught that appears on the record, or this Court can know, there may be creditors or distributee®, in Missouri, who would be put to much trouble and expense, and might suffer great injury and entire loss, by having to resort to the Kentucky administrator. The. question however is not of hardships on one side or the other,, but of lawand we think the clear and positive enactments of the statute, as well as the reason and justice of the case, are with the- appellee. The judgment of the Circuit Court is therefore affirmed, with costs..