McCarty vs. Hall.

## McCARTY vs. HALL.

An administrator, appointed under the laws of another State, cannot endorse a promissory note made payable to the intestate by a citizen of this State, so as to give the indorsee a right of action here in his own name.

### ERROR to Jackson Circuit Court.

Wilson, for plaintiff in error.

The court below erred in giving judgment against plaintiff upon the demurrer. There are some special causes assigned in said demurrer, but as there is but one cause set out in the demurrer, permitted by the act reforming the practice at law, approved February 24, 1849, I will notice that alone, which is, the plaintiff has no legal capacity to sue. The objection is made for two reasons: 1. Because the letters were void, being signed by the deputy instead of the principal clerk. This objection is met by the denial that it is necessary that the letters should be signed at all. It is the seal of the proper court that gives them authenticity. See Tollen on Exrs. and Post vs. Caulk, 3 Mo. Rep. 35, (1 Ed.) 2. Because letters taken out in another State do not authorise the administrator to bring suit in this State, and that therefore his assignee cannot. This question is settled for the plaintiff in the case of Harper vs. Butler, 2 Peters, 239. A third reason may be urged, which is this; that the assignment being on a separate piece of paper, and not endorsed on the note, is not such as authorises suit to

McCarty vs. Hall.

be brought in the name of the assignee. There are two answers to this last objection: *First,* Such assignment, and plaintiffs being in possession of said note, is at least evidence of a transfer by delivery, which authorises the transferee to sue in equity in his own name, and recover the amount of the same ; and this action having been brought under the aforesaid act, which confuses and confounds law and equity, the plaintiff has a right to avail himself of either remedy—in fact, it compels the party in interest to sue in his own name. *Second,* Such assignment is good under our statute of assignment of notes and bonds. See Abell & Isbell vs. Shields, 7 Mo, Rep. 120; 2 Bibb. 83; 3 Monroe, 46.

Hayden, for defendant in error.

The demurrer to the petition was well taken, and the court committed no error in sustaining it, and in rendering judgment thereon for defendant.

Ryland, Judge, delivered the opinion of the court.

John McCarty sued Jacob Hall in the circuit court of Jackson county, in this State. The action is under the new statute concerning the practice in courts of justice.

The petition discloses the following facts : That on the first of August, 1845, the defendant, Jacob Hall, executed and delivered to Edward Wilson his promissory note for the payment of fifteen hundred and twenty-two dollars and fifty cents, payable three years after date.

That said Wilbourn died, and that some time in 1847, administration of his estate was duly granted to Robert Wilbourn by the probate court of Dallas county, in the State of Texas. That said Robert Wilbourn took upon himself the burden of the said administration, and afterwards, and before the bringing of this action, said Robert Wilbourn, as such administrator, assigned over the said note to the plaintiff, John McCarty ; and this suit, by McCarty, is in his name as the assignee of said administrator.

The defendant appeared and filed his demurrer to the plaintiff's petition, setting forth, among other causes, that the "plaintiff hath no legal capacity to sue the defendant on said note."

The court below sustained the demurrer, and gave judgment thereon for defendant, and the plaintiff brings the case to this court by writ of error.

The only question for our consideration, on this record, is the one involving the power of the plaintiff to mainatin this action in his own name, as the assignee of an administrator of another State.

Can the assignee of a promissory note, transferred to him by the assignor as the administrator of an estate of a person dying intestate in a sister State, sue the payer and maker of said note in this State ? If he

57

can, then the judgment below must be reversed. If he cannot, it must be affirmed.

It is the well settled law of the land, that the foreign administrator could not, himself, maintain this action, in his capacity of administrator upon a note given by a person living in this State to his intestate in his lifetime. See Chapman, Adm'r of Lester vs. Fish, 6 Hill, 554. Simple contract debts are *bona notabilia* in the State where the debtor resides, and an administrator appointed in another State cannot release or control them. See Byron vs. Byron, Croke Elizab. 472. "The debt is where the bond is, being upon a specialty, but debt on simple contract follows the person of the debtor; and the difference has been oftentimes agreed." Swinburn says, "Debts due the testator will make *bona notabilia* as well as goods in possession, but there is a difference between bonds and specialties and debts due on simple contract; for bond debts make *bona notabilia*, where the bonds or other specialties are at the time of the the death of him whose they are, and not where he dwelt or died. But debts on simple contracts are *bona notabilia* in that country where the debtor dwells."

In the case of Godwin vs. Jones, 3rd Massa. Rep. 514, Chief Justice Parsons declared the law to be, that an administrator who has received letters of administration, under the authority of another State, cannot prosecute an action in Massachusetts by virtue of such letters of administration. "Administrators powers result from the provisions of law made to dispose of the intestates effects after his death had extinguished his property in them; and these provisions cannot extend to the effects not within the jurisdiction of the State from which such provisions of law derive their force." See the case of Riley vs. Riley, 3 Day's Rep. 74.

In the case of Stearns vs. Barnham, 5 Greenleaf Rep. 261, this point came fairly before the supreme court of the State of Maine. I will, therefore, refer to the facts of that case, and quote the language of the court.

This was an action of assumpsit by the endorsee of a promissory note against the maker. The note was made payable to William Stearns of Salem, in Massachusetts, and endorsed by his executrix, who resided also in Salem, Massachusetts, to the plaintiff. The letters testamentary issued from a probate court in Massachusetts to the executrix. The maker of the note always lived in Maine. A verdict was taken for the plaintiff, subject to the opinion of the court, upon the question whether any right to maintain this action was conveyed to the plaintiff by the endorsement of the executrix.

McCarty vs. Hall.

It was argued for the defendant against the power of the executrix to convey to the plaintiff a right of action in his own name, on the ground, that it facilitated the withdrawing of funds from this State, which might be wanted for the payment of debts due to our own citizens. On the part of the plaintiff, it was contended, that as the executor succeeded to all the rights and equities of the testator, with the general power to endorse and thus transfer his negotiable notes, it was essential to the exercise of this right, that the endorsee should have all the powers of the payee, including the right to sue in his own name; otherwise the note must lose its negotiable character. This right being once vested in the endorsee, belonged to him always, and in all places by the law merchant. The executor is no longer known as such, except as having been the medium of passing the property to the endorsee, and his authority, under the laws of another State, to transfer the property, and with it the privileges of an endorsee, may be proved before this court, as any other act in *pais*.

Mellen, Chief Justice, delivered the opinion of the court. He said, "It is clear that the executrix herself, could not maintain an action in our courts upon the note, as was decided in the case of Jones vs. Goodwin, 3 Mass. 514. We would merely observe that the power of the executrix, by law, is to administer all the goods, chattels, rights and credits of the testator, which are within Massachusetts. Debts due to the testator, at the time of his death, from persons residing in other states, are placed by law on the same ground as goods and chattels belonging to him and being in another State. Over these, she, as executrix, deriving her authority under the laws of Massachusetts, has no control. We are then lead to enquire, how an executor or administrator, acting under an authority derived from another State, can, by endorsing a note due from one of our citizens, give to his endorsee a power which he himself does not possess—that is, of successfully suing for and recovering it in our courts. If this can be done, it will be an indirect mode of giving operation in this State to the laws of Massachusetts, as such; or, in other words, to an authority derived directly from laws which are not in force in this State. By adopting such a principle, the effects or credits of a testator or intestate, found in this State, might be withdrawn, which may be necessary for satisfying debts due from such testator or intestate to citizens of this State. Such a principle or course of proceeding has often been successfully opposed. See 3 Mass. 517; 4 Mass. 324; 8 Mass. 515; 9 Mass. 350; 11 Mass. 269; 3 Pick. 128; 5 Cranch, 289; 13 Mass. 146."

McCarty vs. Hall.

The court were all of opinion that the plaintiff could not recover, and that the judgment must be entered for the defendant.

This case is directly in point, and the reasoning is, to my mind, satisfactory and conclusive. Were our courts to permit the executors or administrators of another State to sue and maintain actions on notes and bonds due to their testators or intestates by the citizens of our State, or to permit their assignees to sue; all the effects, goods, and chattels of such testators or intestates might thereby easily be withdrawn from our jurisdiction to the prejudice and injury of our citizens. Such is never suffered or permitted. It is our duty to guard the interests of our own citizens, to look well to our own household first. *Nostrum jus, magis quam jus alienum, servemus.*

In this case, the debt due by Jacob Hall to Edward Wilbourn—Hall residing in this State and Wilbourn dying in Texas—never was *bona notabilia*, in Texas—never was assets in the hands of the administrator in Texas, but remained as goods and chattels in Missouri; was *bona notabilia* in this State, and can only be lawfully demanded of Hall by a person clothed with authority under our laws. Said debt never was under the control of the foreign administrator.

All the argument then about vested rights in the administrator and in his assignee, being without foundation, vanishes "into air, into thin air."

I am aware of the case reported in 2 Peters, Harper vs. Butler, page 240, and though I entertain the most profound respect for the opinion of the able jurist who decided that case, yet, from the report of the case it is manifest that it was but lightly considered by the court. It was not argued by any person for the defendant in error, and the point appears to me to have escaped the mind of the Judge.

The court, in their opinion, say that "the district court proceeded on the idea that the executor in Kentucky could not transfer a chose in action in that State, because the obligor did not reside there. This court supposes the law to be otherwise." Now, the question as to where the *bona notabilia* in this case were, at the time of the assignment, was never noticed by the court. If Butler gave his note to Morrison, the testator in this case, and Morrison lived and died in Kentucky, and Butler lived in Mississippi, and not in Kentucky, then I consider the debt of Butler to Morrison, never was under the control of the Kentucky executor; nor could he or his assignee sue for it in Mississippi, unless the laws of Mississippi authorize it. The authority of this case, lacks the consideration and attention which were bestowed on the case of Steams vs. Bumham, 5 Greenleaf Reports. The authorities on

this subject have been collected by Cowen and Hill in their notes to Phillip's Evidence, page 870, and from a perusal of many of the cases therein cited, I am of the opinion, that the soundest principles of public policy, as well as a proper regard to the law of the case, requires this court to declare the law in favor of the defendant in error.

This being the opinion of my brother NAPTON, the judgment of the Jackson circuit court is affirmed.