Naylor's Adm'r v. Moffatt.

————◦●●◦————

NAYLOR'S ADMINISTRATOR, Plaintiff in Error, v. MOFFATT, Defendant in Error.

1. Letters testamentary granted to an executor in one state have no extra territorial force.
2. Letters testamentary granted to an executor in Virginia give him no title to property of the testator in this state, and he can not, in his official capacity, maintain an action in this state to recover such property.
3. A grant of administration by a county court is a judicial act, and as such must be conclusive on all other courts until it is revoked; the validity of such grant can not be attacked collaterally.
4. An administrator duly appointed by a county court of this state is entitled to the possession of the personal property of the deceased found here, and his right to sue for such possession is exclusive of the foreign executor, distributees, and all others.

*Error to Knox Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Broadhead*, for plaintiff in error.

I. The circuit court could not look behind the action of the county court to determine whether that court had acted properly in granting letters of administration. The validity of the grant of letters can not be attacked in a collateral proceeding. (24 Mo. 265.) If the petition disclosed the fact that the property had been administered on by the executor in Virginia, the estate settled up, the debts paid, and distribution made, then it might be questionable whether another administration could be granted here. No such

Naylor's Adm'r v. Moffatt.

facts appeared on the face of the petition. It does not even appear that the executor accepted the appointment, or that he had letters testamentary granted him in Virginia. The property is here, and for aught that appears there may be debts due here.

*Dryden & Lipscomb*, for defendant in error.

I. The demurrer was properly sustained. The administration was not closed; was in Angus W. McDonald, the executor, and the letters of administration granted plaintiff could not divest his title. If the administration was closed, then the distributees alone had the right. The administration of Angus W. McDonald is the primary administration. His right to the possession attached in Virginia and followed the property to Missouri. (10 Mo. 141; 15 Mo. 118.) Riley v. McCord, 24 Mo. 265, has no application to the case.

EWING, Judge, delivered the opinion of the court.

This was an action by Edward C. McDonald, administrator with the will annexed of the estate of William Naylor, for the recovery of certain slaves. The petition alleges that William Naylor died in the state of Virginia in 1840, leaving a will appointing an executor in that state, and that the slaves in controversy should be [free] upon attaining to certain ages therein specified; that the said will was duly admitted to probate in Virginia; that Susan Naylor, the widow of deceased, " under the provision of the laws of that state, for a part of her dower in the estate of the deceased, took the slaves in controversy" and brought them to Missouri, and kept them in her possession until her death in 1849, when the said slaves passed into the possession of her son John S. Naylor, who hired them out until his death in 1853 for the executor of his father's will, and [they] were held by him for the said executor, Angus W. McDonald, at the time of [the death of] him, the said J. S. Naylor; that after this, by some means not stated, defendant got possession of said slaves; that letters of administration with the will

annexed were granted to plaintiff by the county court of Shelby county, by virtue of which he claims the property in question.

Defendant demurred to the petition. The demurrer was sustained, and judgment rendered thereon, and the cause is brought to this court by writ of error. The grounds upon which the demurrer appears to have been sustained, and which are insisted on here, are, that if the estate of Naylor in Virginia has not been closed, then the executor of his will in that state is the proper party to sue; and if it has been closed, the distributees are the proper parties plaintiffs.

It is not perceived how a question could well arise upon the facts alleged in the petition as to the administrator's right to institute suit for the recovery of the property in controversy. It is only upon the hypothesis of the plaintiff's being an executor *de son tort* that any such question could arise. But he can not be an executor *de son tort* and at the same time a rightful executor. The petition avers the plaintiff to be duly appointed, and this is admitted by the demurrer; but whether rightfully so or not can not be inquired into in a collateral proceeding. The grant of administration by the county court is a judicial act, and as such must be conclusive on all other courts until reversed by appeal, or revoked by the court itself. If the plaintiff is an administrator regularly appointed, as the demurrer admits, then his right to all the personal property of the deceased found here is unquestionable; and of course his right to sue is exclusive of the foreign executor, distributees, and of all others whomsoever. The grant of administration to plaintiff vests in him the legal title to the property; and he is to all intents and purposes the legal owner, although he is so in the character of trustee. The letters of the foreign executor have no extra territorial force, and give him no title to property of the testator in this state; and he could *not* bring or maintain an action in his official capacity in this state to recover it. His title does not extend beyond the limits of the state

of the testator's domicil, and the movable property therein. (Sto. Conf. of Laws, § 512.) Whatever right he as executor may acquire to the property in question is by virtue of our own law. So that as a question of law arising upon the facts averred in the petition, there can be no doubt of the plaintiff's right of action to recover the property in question, irrespective of the state of the primary administration in Virginia, whether it is closed or not. The administration here is ancillary to that in the state of Virginia, and the rights of heirs and legatees are as effectually secured under it as under the primary administration there. If there are no debts, the property will be disposed of according to the will of the testator, or it may be transmitted to the executor in Virginia. (1 R. C. 1855, p. 168–9.)

The judgment will be reversed and the cause remanded. The other judges concur.