————o————

In the Matter of Partnership Estate of Henry Ames & Co. Lucy V. Semple Ames, Administratrix, Apellant.

1. *Administration—Assets—Situs.*—In administration the real *situs* of the assets is, where the debtor resides and the assets are located.
2. *Administrator—Authority of—Foreign State.*—The authority of an administrator does not extend beyond the limits of the Government granting the letters unless the foreign law controlling the assets permits it.

*Appeal from St. Louis Circuit Court.*

*Glover & Shepley, and Hitchcock, Lubke and Player,* for Appellants.

If these are assets of the firm of Henry Ames & Co., this being the home of the domicil, it is competent for the administrators of the surviving partner, in charge of said partnership of Henry Ames & Co., to make distribution or sell the assets of that partnership in another State. (Redfield on Wills, 20 ; Wilkins vs. Ellet, 9 Wall., 740 ; Vroom vs. VanHorne, 10 Paige, Ch. 549 ; Schultz vs. Pulver, 11 Wend., 361 ; Williams vs. Storrs, 6 John Ch., 353.)

As Mrs. Ames is the purchaser and does not object to the position she is in, and is willing to run the risk there is no reason why the sale should be rejected. The contestants were present at the sale and made no objection to it.

The whole question is discussed and the recent decisions com mented on in 2 Am. Law Review pp. 1–24, 193–205.

*Sharp & Broadhead*, for the Executors of Henry Ames, deceased.

Laws have no force *propria vigore* beyond the Territory of the State by which they were made. (Minor vs. Cardwell, 37 Mo., 350.) "The letters of a foreign executor have no extra-territorial force, and give him no title to the property of the testator in this State." (Naylor's Adm., vs. Moffatt, 29 Mo. 126; Vaughn vs. Northup., 15 Peters, 5.) Every grant of administration is strictly confined in its authority and opera-tion to the limits of the territory of the Government which grants it, and does not *de jure* extend to other countries. (Fenwick vs. Sears, 1 Cranch., 259; Dixon's Exrs. vs. Ramsey's Exrs. 3 Cranch., 319; Kerr vs. Moon, 9 Wheaton, 565; Noonan vs. Bradley, 9 Wallace, 404.)

It has never been held that the *Administrator* can pass the title to property in another State or assign a chose in ac-tion so as to authorize this assignee to sue. (Stearns vs. Burnham, 3 Green. Maine, 261; Goodwin vs. Jones, 3 Mass., 513; Young vs. O'Neil, 3 Sneed. Tenn., 55; Trecothick vs. Austin, 4 Mason, (Cir. Court), 35.)

Adams, Judge, delivered the opinion of the court.

Prior to August 14th, 1866, Henry and Edgar Ames were co-partners under the firm name of Henry Ames & Co., doing business as pork packers and commission merchants in the City of St. Louis, Missouri, where both partners resided, and continued to reside during their lives. On the 14th of August, 1866, this firm was dissolved by the death of Henry Ames. The surviving partner Edgar Ames took out letters from the Probate Court of St. Louis County on the partnership estate, and continued this administration up to the time of his death in December 1867. After his death his widow Lucy V. Sem-ple Ames, being qualified as administratrix of his estate in the same Probate Court, also gave bond and was authorized to

take charge of the partnership estate remaining unadministered, and to make settlement thereof. The partnership estate consisted of a large amount of assets belonging to the firm in the State of Missouri, and the firm of Henry Ames & Co. also had large assets as members of other firms in the State of Mississippi, consisting of outstanding accounts and debts due the Mississippi houses from debtors residing in that State. Mrs. Ames, as administratrix of the surviving partner and of the partnership effects, had charged herself with all the home assets, and also with the Mississippi or foreign assets. These charges were separately and distinctly made in her reports, distinguishing the home assets from the foreign.

Desiring to make a final settlement, she thus presented her accounts for that purpose, and with a view to such settlement an order was procured from the Probate Court to the effect, that she "do sell at public auction at the Eastern door of the Court House of the County of St. Louis, prior to the first day of the next term, the uncollected personal effects of said partnership, as set forth in said settlement, first giving notice of said sale by publication in the Missouri Republican and Missouri Democrat for 20 days prior thereto, and that she make report at the next term of this Court."

Under this order Mrs. Ames as Administratrix sold all the uncollected accounts and debts domestic and foreign, and became the purchaser herself of all the foreign assets at amounts greatly below their nominal value. This sale was conducted through an auctioneer; the respondents were present at the sale and made no protest or objection in regard to the manner in which the sale was conducted.

When Mrs. Ames filed her report of sale, the respondents filed a motion, asking the Court to reject and set aside the sale of the Mississippi assets, upon the ground, that the order of sale was not broad enough to cover the assets, and that the Probate Court had no jurisdiction to order the sale thereof. The Probate Court, on hearing the report of sale and respondents' motion, confirmed the sale in all respects except in regard to the foreign assets, and the sale of the foreign

assets was disapproved and declared a nullity. From this order of disapproval Mrs. Ames took an appeal to the Circuit Court, where the action of the Probate Court was affirmed, both at Special and General Term, and she has appealed to this Court.

The only material point in this record is, whether the Probate Court of St. Louis County had any jurisdiction over the foreign assets belonging to the firm of Henry Ames & Co.

It may be concluded and no doubt is true, that during the life-time of the surviving partner he had control of the foreign assets, and that by fiction of law such assets, for many purposes, had no real *situs*, but followed his person and were subject to his disposition without regard to his locality. The question here, however, is a question of jurisdiction over such assets after the death of the surviving partner. In such case fiction gives way to truth, and the real *situs* can and must be inquired into. In regard to administrations, the real *situs* is the place, where the debtor resides and the assets are located. The authority of the administrator is local and cannot extend beyond the limits of the Government granting the letters, unless the foreign law controlling the assets permits it. There is nothing in this record to show that there was any law in Mississippi authorizing the Missouri administratrix to act in that State.

The law seems to be well settled, that an administrator has no authority to transfer assets, except such as have their *situs* within the territorial limits of the Government granting his letters.

This point was determined by this Court in McCarty vs. Hall, 13 Mo., 480, where the authorities were reviewed at some length, and we see no reason for departing from the doctrines laid down in that case. See also Nayler's admr. vs. Moffat, 29 Mo., 126 ; Minor vs. Cardwell, 37 Mo., 350.

The learned counsel for appellant admits that as a general rule the propositions here laid down are correct, but denies they have any application, under our administration laws, to the case of a surviving partner. He contends, that because

the surviving partner himself in his life time could have transferred the foreign assets, his administratrix,administering the partnership effects under our statute laws, has the same power over the foreign assets. But it must be recollected, that the administratrix derives her authority from the laws of Missouri alone, which have no extra territorial force.—Under her letters she can administer the assets located in Missouri, but has no power to touch the Mississippi assets. They belong to another jurisdiction, over which the State of Missouri has no control.

I see no reason for disturbing the judgment. Let it be affirmed. Judge Sherwood absent, the other Judges concur.