————o————

ANN E. MORTON, Plaintiff in Error, *vs.* WILLIAM H. HATCH, Defendant in Error.

1. *Administration—Widow—Legatee—Suit by in her own right in sister State.—* An estate was fully administered in Kentucky. Having no debts in Missouri, it was not probated here. The widow who was executrix and also devisee of the estate, after final settlement, brought suit in her own right upon a claim owing the estate by a defendant residing in Missouri. *Held,* that the action would lie in this State.

*Error to Hannibal Court of Common Pleas.*

*John L. Robards & T. H. Bacon,* for Plaintiff in Error.

I. The existence in a sister State of a foreign administration, its final settlement and the discharge and release of plaintiff in error as foreign executor, were facts sufficient to authorize her as sole devisee and legatee under the will to institute in

Missouri an action to recover a debt due to the testator, whereof under his will she was sole and absolute owner. (Sto. Confl. Laws, 888, § 516 n. [3 Ed. 1846]; Trecothick vs. Austin, 4 Mason [C. C.], 16; Petersen vs. Chemical Bank, 32 N. Y. 21; Harper vs. Butler, 2 Pet. 240; Cow. & Hills, Notes p. 872.)

*W. C. Foreman*, for Defendant in Error.

I. The claim sued on and the money sought to be recovered, if it ever became absolutely the property of David T. Morton, forms assets of his estate in the State of Missouri; and an administration should be opened in this State for the collection of such assets and administering upon them according to law. (1 Wagn. Stat., 115, § 24; 10 Mo., 724; Kelly's Prob. Guide, 295.

VORIES, Judge, delivered the opinion of the court.

This was an action in the nature of an action for money had and received. The petition is as follows:

"Plaintiff for an amended petition herein says, that during the year 1860 David T. Morton was the executor of the last, will and testament of Mary B. Darr, dec'd, and duly qualified and acting as such in the county of Marion; that on the ninth day of July in said year, defendant was the attorney of said David T. Morton, executor as aforesaid, and that on said day, said David T. Morton as client of said defendant as aforesaid, deposited in the hands of defendant, as his attorney as aforesaid, the sum of one hundred and thirteen dollars and sixty cents, on the account of the estate of said Mary B. Darr, deceased, to liquidate demands against said estate as aforesaid. Plaintiff says that defendant accepted and received said money from said David T. Morton as aforesaid, being the property of said David T. Morton for said purpose, and in consideration of the premises, the defendant agreed and undertook with said David T. Morton to apply said money to the payment of demands against said estate, of Mary B. Darr, deceased, said undertaking being in writing and filed with the petition herein; but defendant has wholly failed and neglected

to comply with said undertaking, and has not applied said money or any part thereof to the payment or liquidation of any demands against said estate, but continues to retain such sum.

"Plaintiff says that afterwards to-wit : On the—day of—in the year—said *David T. Morton paid off and discharged all liabilities due from him to said estate and was fully released, and discharged from his executorship and all liabilities thereon to said estate.

"Plaintiff says on the 27th day of December in the year 1867, said David T. Morton departed this life at Lexington, in the County of Fayette and State of Kentucky, and leaving his last will and testament whereby he made and constituted plaintiff his sole legatee and devisee of all his property, and his sole executrix; and plaintiff further says that on the—day of January, in the year 1868, said will was duly proved and admitted to probate in the office of the clerk of the County Court of said county of Fayette, and letters testamentary were thereafter duly issued and granted to plaintiff as his sole executrix, by the said County Court of said county and plaintiff thereupon duly qualified as such executrix and entered upon the discharge of the duties thereof.

"Plaintiff further says, that all debts and liabilities due or accruing from said testator or from his estate have been paid and satisfied in full, and the estate of said David T. Morton fully administered, and final settlement has been made of said estate of said David T. Morton, and plaintiff fully discharged and acquitted as said executrix, the laws of said State requiring said proceedings and no more. Plaintiff says that there are no debts or liabilities due or accruing from said testator or his estate to any person in the State of Missouri.

"Plaintiff says that on the—day of—in the year 1872 she by attorney demanded of defendant said sum with lawful interest; but defendant refused and neglected to pay the same, wherefore plaintiff asks judgment for the same."

To this petition the defendant filed a demurrer on the general ground that the petition did not state facts sufficient to

constitute a cause of action. The court sustained this demurrer and rendered final judgment thereon against the plaintiff; to which action of the court the plaintiff at the time excepted, and has brought the case here by writ of error.

The principle point discussed in this court is as to the right of the plaintiff to sue in the courts of this State to recover a debt due to a person who resided and died in the State of Kentucky, where his estate had been fully administered, and who, by his last will which had been duly probated in Kentucky, bequeathed all his property to the plaintiff, and was not in any manner indebted in the State of Missouri. These facts are all stated in the petition and admitted by the demurrer.

If this suit had been brought by the plaintiff in her representative capacity as executrix of the estate of David T. Morton, it is clear that she must fail, as her appointment and qualification as executrix in the State of Kentucky would give her no authority to sue, as such, in this State. This is too well settled to admit of controversy, and, in fact, it is averred in the petition that the estate of said Morton had been fully settled in the State of Kentucky, and the plaintiff finally discharged from her duties as the executrix of said estate, so that no suit could now be brought by her, in the State of Kentucky, in her capacity of executrix.

In this case, however, the plaintiff does not pretend to sue in a representative character, she sues in her own right, claiming to be the owner of the debt or claim against the defendant for the money placed in his hands and the question is, is she the owner of the demand in such sense as will enable her to maintain an action in this State for its recovery? In the case of McCarty vs. Hall, (13 Mo., 480,) it is held that an administrator appointed under or by virtue of the laws of another State cannot indorse a promissory note made payable to the intestate, by a citizen of this State, so as to give the indorsee a right of action, in this State, in his own name. This same principle has been recognized in the decision of a late case by this court, and, although respectable authorities

have been cited to the contrary, that may be considered the settled law of this State.

It is contended by the plaintiff that the case under consideration does not come within the principle decided in the case of McCarty vs. Hall. In that case the plaintiff claimed title to the note by virtue of an assignment made by a foreign administrator whose acts were confined to the administration of the property found within the jurisdiction of his appointment, while in the case under consideration the plaintiff looks to no administrator or other person acting in a representative capacity for her right or title to the property, but she claims, by virtue of the will of her husband who died in Kentucky, and whose will was duly probated there. If the title to the claim sued on vested in the plaintiff by virtue of the laws of Kentucky where the will was probated, it is difficult to see why she could not enforce her rights in or to the property, or to the demand, wherever the debtor or the property should be found ; so that it will be seen that the material question to be settled is, did the bequest in the will of Morton, made and probated in the State of Kentucky, after his estate had been fully administered and settled, have the effect to vest title to the demand in the plaintiff?

It is, of course, admitted, that if Morton was indebted in this State, the courts here would see that the creditors were first paid out of the property here and the rights of plaintiff would be subservient to the rights of the creditors here; but it is averred in the petition in this case and admitted by the demurrer that there are no debts against the testator in this State. This being admitted it would seem that there is no good reason why the plaintiff's title to the demand is not perfect, or why she could not recover the same in the courts of this State. In the case of Trecothick vs. Austin, (4 Mason's C. C. 16,) this very question was considered by the court.

The language of Judge Story, who delivered the opinion of the court, is so pertinent that I will insert it here. The learned judge states:

"The true answer, however, to this objection, so far as it applies to the plaintiff, is, that he does not sue in any representative character whatever. The right he claims is a personal and private right belonging to himself and in no sense to another. He may not be able to establish such a right; he may not be able to trace a sufficient title to sustain him; but he claims nothing as the representative of Trecothick; he claims simply as a *cestui que trust* under his will, and as an assignee under that of the representatives of the Tomlinson's. It is certainly not necessary to prove a foreign will in our courts, where such will constitutes but one step in the title of a party. If Trecothick had bequeathed a coach or other specific chattel to the plaintiff, and the executor had assented to the bequest and afterward it became necessary to sue for the same or to establish the right to the same in our courts, I do not understand that a probate and administration here would be necessary to establish the title. If a bill were brought in this court for a specific performance of a contract for the purchase of land lying in another State and sold by the devisee thereof under a will there made and proved, I do not understand that probate of the will is necessary before he can maintain such suit.

"Whenever the title to a thing passes by the *lex loci*, that title may, nay, must be, made out by such law, and that is all that is necessary. The reason why an administrator cannot sue in his own name for property here, is that the administration is local and confers such right only as to property within the jurisdiction. It is a limited right of representation of the deceased.

"But suppose a foreign administrator sells goods of the deceased in a foreign country, and they are brought here and the right to them is here contested in a suit, may not the party assert his title to them under the foreign will and administration without a probate here? A will bequeathing personal estate conveys that property wherever it may be situated, if the will is made according to the laws of the place of the testator's domicile. And it has never been supposed

that it was indispensable to the assertion of a title derived under such will, that there should be a probate in every place where such property was situated. It is only necessary where a party sues for it, not in his own right, but as the personal representative of the deceased."

If this opinion of Judge Story is to be considered good law here, it is decisive of this case.

The plaintiff in this case claims under the will of Morton which had been duly probated in Kentucky, the estate there has been fully administered, the whole of his property was bequeathed to the plaintiff and there are no debts against the estate here. What then is there in the way to prevent the perfection of her title?

We are referred by the defendant to our statute, as an obstacle in the way of the vesting of the plaintiff's title and her right to sue in the courts of this State, which is as follows:

When administration shall be taken in this State on the estate of any person who, at the time of his decease, was an inhabitant of any other State or county, his real estate found here, after the payment of his debts, shall be disposed of according to his last will, if he left any, duly executed according to the laws of this State, and his personal estate according to his last will, if he left any, duly executed according to to the laws of his domicile and if there shall be no such will his real estate shall descend according to the laws of this State and his personal estate shall be distributed and disposed of according to the laws of the State or country of which he was an inhabitant. (1 Wagn. Stat., 115, § 24.)

We are unable to see how this statute is to effect the plaintiff's rights. The property is personal property. It was bequeathed to the plaintiff, by a will made in Kentucky. The will was probated under the laws of that State, which was his domicile. The statute provides, that if administration had been taken here after the payment of the testator's debts, his personal estate shall be disposed of according to his last will. The petition avers that there are no debts in this State, and, of course, no administration is necessary to vest the personal

property in the devisee, and our statute provides that the suit must be brought in the name of the real party in interest.

It has been urged by the plaintiff in this case, that as the demurrer only states that the petition does not state facts sufficient to constitute a cause of action, the objection that the plaintiff had no capacity to sue had been waived. That objection is a technical one and has been waived in the consideration of the case. The plaintiff's petition is rather inartificially drawn, but we think it is substantially good.

The judgment in this case must be reversed. The other judges concurring, the judgment is reversed, and the case remanded. Judge Sherwood did not sit.