ADAM BECRAFT and Wife, Appellants, v. GREEN A. LEWIS, Public Administrator, Respondent.

Kansas City Court of Appeals, May 19, 1890.

1. **Administration:** SITUS OF ASSETS: PUBLIC ADMINISTRATOR. Where the payor of a note resides in a county in this state, the *situs* of the asset is there, notwithstanding the note itself is in another state, and where the probate court, upon such note being brought into this state for administration, found, on an investigation, that it was liable to be wasted, injured or lost, and that deceased left no widow or heir in this state capable of administering, good cause existed for ordering the public administrator to take charge of the same.

2. ———: WILL: PASSING TITLE TO PERSONALTY: NON-RESIDENT TESTATOR. The administrator takes the title to personalty, while the heir takes the title to real estate, but the heir or devisee of personalty can only secure the title thereto through administration, and

the fact that the testator resided and died in another state, and that the legatee resided there, makes no difference in the application of the rule (there having been no administration in such other state). SMITH, P. J. (*dissenting*), holds, the title to the note in question in this case, in passing from the deceased to the representative, by operation of law, was intercepted and cut off by the bequest in the will, which passed the title to the legatee.

3. ———: NO DEBTS. In this case, the suggestion that there are no debts owing by the estate should have little weight.

4. ———: RIGHT OF RELATIVES. Where it appears that the only relatives of the deceased (married daughters) are incapable of administering, their right may be considered relinquished.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Shelton & Dysart* and *C. C. Fogle*, for respondents.

(1) The estate involved in this controversy is not of that character, mentioned or contemplated by law, which authorizes the public administrator to take charge of. Our statutes provide just what estates the public administrator shall take charge of; the law provides what conditions said estates shall possess, and, when any estate is wanting in any condition precedent, then the public administrator has no authority to take charge of it; and the probate court cannot authorize him to take charge of it. Because it is settled law that, though probate courts possess a certain original jurisdiction, as regards matters of administrations, yet that jurisdiction can only be exercised in the manner prescribed by the statutes. *Powers v. Blakely*, 16 Mo. 437; *Lake v. Meier*, 42 Mo. 389; *Coil v. Pitman, Adm'r*, 46 Mo. 51; *Baldwin v. Whitcomb*, 71 Mo. 651; *Jefferson County v. Cowan*, 54 Mo. 234; *Riggs v. Cragg*, 89 N. Y. 479; *Davidsburg v. Ins. Co.*, 90 N. Y. 526; *Friesler v. Shepherd*, 92 N. Y. 251; *Elliott's Estate v. Wilson*, 27

Mo. App. 218; R. S. 1889, sec. 299. (2) The public administrator has no authority outside of the statute, because of the rule, *Expressio unis, exclusio est alterius. Matthews v. Skinker*, 62 Mo. 329; *Maguire v. Savings Ass'n*, 62 Mo. 344; *Ex parte Snyder*, 64 Mo. 58; *Dyer v. Branch*, 2 Mo. App. 432. (3) J. W. Anthony died in Davis county, Iowa, leaving a last will, whereby his widow is made tenant for life of his realty, and sole legatee, with absolute ownership as to all personalty. He left no debts in Iowa, nor elsewhere. An absolute title to the personalty vested in the widow immediately, and she and all parties in interest have so treated it. Mrs. Anthony is the absolute owner of the note or indebtedness involved in this administration, and she alone is competent to maintain an action in regard thereto. *Moreton v. Hatch*, 54 Mo. 408; *Trecothic v. Austin*, 4 Mason, 16; *Goebel v. Foster*, 8 Mo. App. 443-445. (4) If an administration is warranted in this case at all, then the kindred of deceased Anthony, or those entitled to distribution in the estate, were entitled to preference. There was no citation issued by the probate court, no renunciation filed, nor was there any proof taken on the proposition as to whether any one resided in the state entitled to preference under sections 7, 8 and 9, Revised Statutes, 1879. *Skelly v. Veerkamp*, 30 Mo. App. 49; *Mulanphy v. County Court*, 6 Mo. 291. But two things give jurisdiction, person and property. In this case, the person was a non-resident of this state, and the note was held by him without the state, and never within the state until brought here for the purpose of this administration. By the terms of the will of Anthony, the personalty was given absolutely to the widow, and if we admit that the public administrator is legally in charge of his estate, still, this note, being the absolute property of a living person, by the terms of Anthony's will, is not subject for administration, nor of inventory among the

assets of Anthony's estate. Woerner's Am. Law of Admin., sec. 205, p. 441; *Beers, Ex'r, v. Shannon,* 73 N. Y. 292; *Goodlett v. Anderson,* 7 Lea, 286, 289; *Shakespeare v. Fidelity Co.,* 97 Pa. St. 172; *Speed v. Kelly,* 59 Miss. 47; *McCabe v. Lewis,* 76 Mo. 296; *Goebel v. Foster,* 8 Mo. App. 443–445.

*Edward Higbee,* for respondent.

(1) Becraft's note is assets in this state, and can only be collected by an administrator appointed in this state. *McCarty v. Hall,* 13 Mo. 480, 484; *Naylor's Adm'r v. Moffat,* 29 Mo. 126; *Wood v. Matthews,* 73 Mo. 477, 483; *Parsons v. Lyman,* 20 N. Y. 112, 113, 117; *State ex rel. v. Moore,* 18 Mo. App. 406. (2) Letters may be granted in any county in this state, upon the death of a non-resident. R. S. 1879, sec. 4, last clause of section. (3) By the order directing the public administrator to take charge of the estate of deceased, it was judicially ascertained that there were no persons in this state entitled to priority in administering. The deceased left two married daughters in this state, who are the only persons in this state entitled to distribution. They are not entitled to administer, and it was not necessary to issue citation to them. R. S. 1879, secs. 6, 7, 8. (4) It is no objection to granting letters of administration in Missouri, that there have been none granted in Iowa, the domicil of the deceased. *Spraddling v. Pipkin,* 15 Mo. 118; *Wood v. Matthews,* 73 Mo. 477, 483. (5) Nor is it an objection that the deceased owed no debts. *Naylor's Adm'r v. Moffat,* 29 Mo. 126, end of op.; *Parsons v. Lyman,* 20 N. Y. 103, 117, 119; *Wilkins v. Ellett, Adm'r,* 9 Wall. 740. (6) There having been no administration in Iowa, Mrs. Anthony, the legatee, cannot enforce collection of Anthony's note on Becraft, by suit in this state, without the intervention of an administrator. *State ex rel. v. Moore,* 18 Mo. App. 406, and cases cited. (7) There

had been no administration upon Anthony's estate. Hence it was clearly within the discretion of the probate court to direct the public administrator to take charge of Anthony's estate, under section 306, Revised Statutes, amended 1885, page 28. See clause 8. *Callahan v. Griswold*, 9 Mo. 775, 782; *Headlee v. Cloud*, 51 Mo. 301, 302. The case of *McCabe v. Lewis*, 76 Mo. 296, is wholly unlike this case. See 4 syl., p. 296, and p. 304.

ELLISON, J.—This proceeding is to revoke the authority of the defendant, the public administrator of Schuyler county, to administer on the estate of J. W. Anthony, deceased, late of Davis county, Iowa. It was begun on the motion of plaintiffs in the probate court. The motion was overruled and appealed to the circuit court where it was again denied and the plaintiffs appeal. At the trial it was admitted that defendant Lewis was ordered by the probate court of Schuyler county to take charge of the estate of J. W. Anthony, deceased, and is assuming to act as the administrator of the estate of said J. W. Anthony, deceased. That said Anthony at the date of his death in 1885, and for many years theretofore resided in Davis county, Iowa. That he died at his home in Davis county, Iowa, leaving a will whereby he gave his widow, who is now living in Davis county, Iowa, all his personalty, absolutely, with life-estate in his realty with remainder in his children and their descendants. That said Anthony, at his death and for many years prior thereto, had two sons-in-law, residents of Schuyler county, Missouri, who have ever since been residents of Schuyler county, Missouri, and have large families by their wives, daughters of said Anthony, and that said Anthony had no other kin in this county. That at said Anthony's death he held a note purporting to have been executed by plaintiff, Adam Becraft, whereby it appears said Becraft owed him about six hundred dollars, which note is the subject of the administration of

defendant Lewis. The said note at the time of said Anthony's death was held and owned by him in Davis county, Iowa, and was never in the state of Missouri until brought here for the purposes of the administration by defendant. That defendant is public administrator of Schuyler county, Missouri. That no one applied under sections 7 and 8 of the Revised Statutes for letters on the estate of said Anthony. R. CAYWOOD, probate judge of Schuyler county, Missouri, testified as follows : "I am probate judge of Schuyler county, Missouri, and was when defendant was ordered to take charge of and administer upon the estate of J. W. Anthony, deceased. There was no notice or citation issued to either of the two daughters, or to either of their husbands, or to any one else before granting letters to defendant. That there was no renunciation of preference in the right to administer filed with the court. That there was no proof taken at or before granting letters to defendant as to whether any one resided within the state, who, under the law, was preferred in the administration of the estate. That defendant proceeded in the administration under the order of the probate court, and not of his own motion, and it was agreed that there had been no administration of said estate in Davis county, Iowa, the home of deceased, and that his widow had taken charge of all his personalty under the will, and is using and disposing of it as her own, and that Anthony left no debts."

The payor of the note resided in Schuyler county, Missouri, and, therefore, the *situs* of the asset was in this state notwithstanding the note itself was in Iowa. *McCarty v. Hall,* 13 Mo. 480 ; *Partnership Estate of Henry Ames & Co.,* 52 Mo. 290. The note was brought or sent into this state for the purpose of administration. We have, then, property or assets in this state, and the probate court believing it became the duty of the public administrator to take charge of the estate entered the following order : "It appearing to the court that John

W. Anthony, deceased, late a resident and citizen of the county of Davis and state of Iowa, died on or about December, 1885, leaving an estate in Schuyler county, Missouri, consisting of personalty, choses in action and real estate, that is liable to be wasted, injured or lost; that said deceased left no widow or heir in this state capable of administering, and no person has administered on said estate; and, it further appearing to the court that it is necessary and desirable that an administration should be had upon said estate in this state, it is therefore ordered that Green A. Lewis, public administrator in and for said county of Schuyler, take possession of and administer upon the estate of said deceased in this county." Whether the court thought itself justified in making the order by either subdivision four, five or six of section 306, Revised Statutes, 1879, we need not consider. We regard it as quite clear that as there were assets in Schuyler county of an unadministered estate, which, as the probate court has found, were liable to be wasted, "injured or lost," "good cause" existed for ordering the public administrator to take charge of the same, as provided by that section.

The discussion of this case has brought up the question of the rights of Mrs. Anthony, the widow, to whom the deceased willed the note in question, it being contended, that she took the title under the will and that there was, therefore, nothing belonging to the estate upon which to administer. It is fundamental law, *first*, that on the death of any one leaving property, the administrator takes the *title* to personalty, while the heir takes the title to real estate; *second*, the heir or devisee of personal property can only secure the title through administration. And this is true though there are no debts, and the heir be the sole distributee. These propositions are sustained by the following authorities: *State ex rel. Hounsom v. Moore*, 18 Mo. App. 406; *Weeks v. Jewett*, 45 N. H. 540; *Wood v. Bagley*, 13

Wend. 453; *Marshall v. King*, 24 Miss. 85; *Allen v. Simmons*, 1 Curtis, 122; *Short v. Farmer*, 4 Dev. & Batt. 122; *Whit v. Ray*, 4 Ind. 14; *Miller v. Eastman*, 11 Ala. 609; *Murphy v. Hanrahan*, 50 Wis. 485; *Bradford v. Felder*, 2 McCord Ch. 168; *Naylor v. Moffat*, 29 Mo. 127 and 129. The case of *Morton v. Hatch*, 54 Mo. 408, does not hold differently from these views; for, in that case the question was, "did the bequest in the will of Morton made and probated in the state of Kentucky, *after his estate had been fully administered and settled*, have the effect to vest the title to the demand in plaintiff?" It being admitted that there were no debts in Missouri, thereby making it unnecessary to retain the property to pay debts to our citizens, it was held that the devisee could sue and recover in her own right. But it will be observed that her title had become perfected by administration in Kentucky. Such administration being a necessary prerequisite to the title of an heir or devisee of personal property. Authorities, *supra*. The will of the personalty being executed according to the laws of Kentucky and administration having been had and closed there, the title became perfect in the devisee but subject to be retained here by force of our *statute* for the benefit of any creditors who were citizens of this state. I do not consider the case in any way conflicting with the position we have taken.

The fact that the deceased resided and died in Iowa and that the legatee resided there makes no difference in the application of the rule. There was no administration in Iowa, and consequently, as we have seen, no title vested in Mrs. Anthony even under the case of *Morton v. Hatch*. The asset, then, was an asset of the estate, the title to which vested in the administrator, and administration is justifiable if for no other reason than to transfer the title. The administrator's right to the property is exclusive of "distributees and of all

oers w homsoever." *Naylor v. Moffat*, 29 Mo. 126. This is not only demonstrated by the authorities cited above, but is the result to be deduced from an unbroken line of decisions of our own courts. In *Smith v. Denny*, 37 Mo. 20, it is held that the title to personalty passes to the administrator and that the heirs cannot sue for an injury thereto ; and that there must be administration before there can be adjudication in court. This was affirmed in *Hellman v. Wellenkamp*, 71 Mo. 407.

The suggestion that there were no debts owing by the estate should have little weight. I know of no way, short of the period of limitation, by which it can be definitely known that there are no debts left by a deceased person. And if we can dispense with administration simply by offering proof that no debts are *known* to exist ( which is all that testimony could show ) we would make much confusion and overturn well-recognized modes of procedure.

Generally, the relatives of a deceased, who are mentioned by the statute, are entitled to administer and must be notified before their right is considered relinquished. R. S. 1879, secs. 7, 8. But, in this case the only relatives were two married daughters who are incapable of administering ( section 6, Revised Statutes, 1879 ), and so the probate court has found.

The authorities above cited show ( the principle being approved everywhere ) that this debt cannot be collected, except through an administrator appointed in this state ; the necessity, therefore, becomes apparent, without further illustration, for the order appointing the public administrator. It would be a singular spectacle to have this plaintiff, who is the debtor, escape his debt by sustaining his motion to disable any one from suing him. There is no question in our minds as to the power of the probate court under section 306, Revised Statutes, to order the estate into the hands of the public administrator when in its judgment good

cause exists to prevent its being "injured, wasted, purloined or lost." *Headlee v. Cloud*, 51 Mo. 301; *Callahan v. Griswold*, 9 Mo. 784.

It will be readily seen that authority asserting the right of a devisee of *real estate* or "*immovables*" to sell such property without letters of administration is not at all applicable to the point here. Nor is authority applicable which holds that an executor with power of sale of *real estate* may sell without administration, he in such case being a trustee under the will, as we decided in *Compton v. McMahan*, 19 Mo. App. 494.

The judgment, with the concurrence of GILL, J., will be affirmed; SMITH, P. J., dissents.

SMITH, P. J. (*dissenting*).—I am constrained by my convictions of the law to dissent from the opinion of the majority for the reason that it is conceded that Anthony died in the state of Iowa where his domicile then was and for many years theretofore had been; that he left a will whereby he gave to his widow "all his personal property absolutely," and that she had taken charge of the same as her own under the will, and that the deceased left no debts. The terms "personal property," when not limited in their operation by other words, are broad enough to include choses in action, and so a bequest of all one's personal estate passes his notes and other choses in action. *Cuchter v. Syms*, 3 Atk. 61; *Speed v. Kelly*, 59 Miss. 47. The bequest in Anthony's will passed the title to the Becraft note to his widow. Under the law of this state the real estate of a decedent goes to the heir while the personal estate goes to the representative. The title to the Becraft note in passing from deceased to the representative by operation of law was intercepted and cut off by the bequest in the will. *Morton v. Hatch*, 54 Mo. 408; *Trecotlick v. Austin*, 4 Mason C. C. 151; *Walworth v. Root*, 40 Fed. Rep. 723; *De Forest v. Thompson*, 40 Fed. Rep.

375; *Lewis v. McFarland*, 9 Cranch, 151; Story on Confl. of Laws, sec. 509. It is quite obvious, therefore, that none of the existing conditions are here found which authorized the exercise of the jurisdiction of the probate court in making the order in question. The Becraft note being the property of Mrs. Anthony and not of the administrator when appointed, there was no basis upon which the jurisdiction could rest. *Senis v. McCabe*, 76 Mo. 296 and 307. I think, therefore, that the judgment of the circuit court should be reversed, and the cause remanded with directions that such orders be made on motion to the probate court as will revoke the authority of the public administrator in respect to the estate of Anthony, the deceased.