ADA V. ADEY, Respondent, v. NARONA ADEY, Appellant.

St. Louis Court of Appeals, May 15, 1894.

Administration: TITLE TO EFFECTS OF DECEDENT. On the death of the owner personal property descends to his legal representative, though he leaves no debts and the claimant is his sole distributee. Accordingly, the widow of an intestate, even when she is entitled to his entire estate under the statute, can not maintain an action of replevin for personalty belonging thereto, if she has not been appointed administratrix, and if, moreover, no order dispensing with administration has been made by the probate court under section 2 of the Revised Statutes.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED *(with directions).*

*Robert Lamar* for appellant.

The defendant's demurrer to the evidence should have been sustained. There is no claim that the property in question was the separate property of the plaintiff, but her sole claim is based on her right to recover in her representative capacity as widow of Joseph Adey, deceased. It is a well settled rule of law

that personalty passes to the administrator. He alone can sue for it. *Helman v. Wellenkamp*, 71 Mo. 407; *Smith v. Denney*, 37 Mo. 20; *Becraft v. Lewis*, 41 Mo. App. 546; *State ex rel. v. Moore*, 18 Mo. App. 406. Though the heir be the sole distributee of the estate, he can not maintain an action for it without the intervention of an administrator. *Leaky v. Maupin*, 10 Mo. 373; *Smith v. Denny*, 37 Mo. 20; *Hannenkamp v. Borgmier*, 32 Mo. 569; *State ex rel. v. Moore*, *supra*.

No brief filed for respondent.

BIGGS, J.—This is an action of replevin to recover the possession of a yoke of oxen. The plaintiff claimed title to the property as the widow of Joseph Adey. She and Joseph were married in December, 1890. They lived with the defendant, the mother of Joseph, until his death in June, 1891. At the time of his death the animals in controversy were on the farm of the defendant. Subsequently the plaintiff demanded the possession of them, claiming that they belonged to the deceased, and that she, as his widow, was entitled to them. The defendant refused to give them up; hence this lawsuit.

The action was begun before a justice of the peace. On the trial in the circuit court it was conceded that there had been no administration on the estate of Joseph Adey, and there was no evidence that the property had been set apart to the plaintiff by the probate court. Under the instructions of the court the jury found the issues for the plaintiff, and final judgment was entered on the verdict. The defendant has appealed.

The plaintiff has shown no right to maintain this action; therefore, the defendant's instruction for nonsuit ought to have been given. It is the established

law of this state that on the death of the owner, personal property descends to his or her personal representative, and the title to the real estate vests in the heir or devisee.   This is the absolute rule as to personalty, although there are no debts, and the claimant is the sole distributee.  *Smith v. Denny*, 37 Mo. 20; *Becraft v. Lewis*, 41 Mo. App. 546; *State v. Moore*, 18 Mo. App. 406; *Hannenkamp v. Borgmier*, 32 Mo. 569.

There is evidence in the record that the property in controversy was substantially all the personal estate owned by Joseph Adey at the time of his death.   Under this state of facts the plaintiff, before bringing her suit, ought to have applied to the probate court (R. S. 1889, sec. 2) for an order turning over the property to her as widow.   Such an order would have authorized her to sue for and recover its possession.  *Smith v. Denny, supra; Becraft v. Lewis, supra.*

It results from the foregoing that, under the conceded facts of this case, the defendant was entitled to judgment, and not the plaintiff.   The defendant was in possession of the property claiming title when the suit was instituted, and the plaintiff has failed to show any title or right of possession in herself.   As the property is in the plaintiff's possession under the writ, the judgment will be reversed and the cause remanded to the trial court with directions to enter judgment against the plaintiff and her sureties in the replevin bond for the return of the property or its ascertained value, which is shown by plaintiff's affidavit to be $50, and also for costs and nominal damages.   Under the peculiar facts, the plaintiff should have the option to return the property so as not to debar her, upon a proper showing, from getting an order of the probate court under section 2 of the Revised Statutes.   So ordered. All the judges concur.