R. S. CROHN, Administrator, etc., Respondent, v.
CLAY COUNTY STATE BANK, Appellant.

Kansas City Court of Appeals, March 29, and May 31, 1909.

1. **ADMINISTRATOR: Personal Property: Foreign Administration: Title: Creditors.** The title to personalty on the death of the owner vests in the administrator; but this does not apply to such property in another State, and the domiciliary administrator has no title thereto, since such property is subject to the laws of the State where it is found to meet the demands of the decedent's creditors; and whether there are creditors can only be determined by administration in such State.

2. ———: ———: ———: **Payment of Debt.** Payment of a debt to a foreign domiciliary administrator, will not protect the debtor against an action, by the domestic administrator for the collection of such debt; even though such payment be made before the appointment of the domestic administrator.

### On Motion for Rehearing.

3. ———: ———: ———: **Cases Distinguished.** *Held*: The opinion herein is not in conflict with the opinion in Sommer v. Bank, 108 Mo. App. 490. And an inference from remarks in the opinion of a Court of Appeals, outside of the point of decision, should not be drawn against express decisions of the Supreme Court.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Craven & Moore* for appellant.

(1) Payment made in good faith to the administrator at the domicile of the deceased before there is any local administration is a valid discharge of the debt. Watkins v. Ellett, 108 U. S. Sup. 256; Maas, Adm., etc. v. Bank, 176 N. Y. 377; Schluter v. Bank, 117 N. Y. 125; Ramsey v. Ramsey, 97 Ill. App. 270; 13 Am. & Eng. Ency. Law (2 Ed.), page 932, and cases cited in note;

18 Cyc., page 1227; In re Williams, 130 Iowa 553, 107 N. W. 611. (2) A debtor residing in a jurisdiction other than the domicile may waive the incapacity of a domiciliary administrator. Gregory v. McCormick, 120 Mo. 663; Sommer v. Bank, 108 Mo. App. 490. (3) In the case of administration of the estate of a non-resident, the Missouri administration is simply ancillary to the principal administration, which is conducted at the domicile of the deceased. This principle is fully recognized by the Missouri courts. Bealey v. Smith, 158 Mo. 515; Turner v. Campbell, 124 Mo. App. 133.

*Clyde Taylor* for respondent.

(1) This case is on all fours with the case of Bartlett, Admr., v. Hyde, 3 Mo. 490, a controlling decision of the Supreme Court. Bartlett v. Hyde, 3 Mo. 490; Becraft v. Lewis, 41 Mo. App. 546; Stevens v. Larwell, 110 Mo. App. 158; In the matter of Henry Ames &. Co., 52 Mo. 290; Turner v. Campbell, 124 Mo. App. 138. (2) Whether payment is made before or after local administration is granted is immaterial for the reason that the title of the administrator vests as of the date of the death of deceased. 18 Cyc., 172; 11 Am. and Eng. Ency. of Law, 908; Wilson v. Wilson, 54 Mo. 216; Barnard v. Bateman, 76 Mo. 414; Bambrick v. Association, 53 Mo. App. 234. (3) The Missouri rule is that a foreign administrator takes no title to or authority over assets of the estate in this State. Naylor's Admr. v. Moffatt, 29 Mo. 126; Emmons v. Gordon, 140 Mo. 490; In the matter of Henry Ames & Co., 52 Mo. 290; Richardson v. Busch, 198 Mo. 187. (4) The mere fact that there is not an affirmative showing that there are creditors in this State does not in any way alter the rule above announced, for the reason that the right and duty of a Missouri administrator to collect and administer Missouri assets in no way depends upon the existence or non-existence of creditors. Becraft v. Lewis, 41 Mo. App. 546;

Perkins v. Goddin, 111 Mo. App. 429; Adey v. Adey, 58 Mo. App. 408; Richardson v. Busch, 198 Mo. 184; Section 299, R. S. 1899, sec. 299; Section 9151, R. S. 1899, sec. 9151. The decisions cited from other States are not authority here because they are in States that under statutes, or by comity, hold that the foreign domiciliary administrator takes title to personal property wherever situated. Schluter v. Bank, 117 N. Y. 125; Ramsey v. Ramsey, 97 Ill. App. 270; In re Williams, 130 Iowa 553; Wilkins v. Ellett, 108 U. S. 256; Miller v. Hoover, 121 Mo. App. 571; 13 Am. and Eng. Ency. of Law, 932; Hatchett v. Berney, 65 Ala. 39; Wharton, Confl. of Laws, sec. 626.

ELLISON, J.—Plaintiff is the public administrator of Jackson county, in charge of the estate of William H. Lowe, deceased. He brought this action to recover a deposit of $1,500 left by deceased with the defendant, a banking institution in a county adjoining Jackson. The judgment in the trial court was for the plaintiff.

It appears that Lowe resided in the State of Iowa and that he died in the State of Kansas in November, 1906, leaving also a deposit of $1,000 in a bank in Jackson county. In that month letters of administration were granted on his estate in his home county in Iowa to C. W. Huff, who duly qualified. In December, 1906, the defendant bank paid to Huff the amount of the deposit and took his receipt as such administrator. Afterwards, in the same month, plaintiff, as public administrator, was put in charge of the estate by the probate court of Jackson county, Missouri, for the purpose of administering thereon. He collected the deposit in Jackson county and then demanded that left with defendant, but the latter having already paid it to the home administrator in Iowa, refused payment and this action followed.

It is thus readily seen that the question involves the title of a foreign domiciliary administrator to personal

effects of the deceased in a foreign State, and his right to collect debts owing to the deceased by debtors in such state. It is a familiar rule of law that title to personalty at the death of the owner vests in the administrator. But here the controversy to the property is between two administrators appointed in different jurisdictions and under the authority of different sovereignties. The title and authority of the Iowa administrator in property of a deceased who resided in that state is governed by the laws of that State, which are without force in Missouri. The property in controversy was in the latter state and while it cannot be appropriated from the true or real owners, yet it is under the jurisdiction of the latter state and can only be withdrawn therefrom in pursuance of Missouri laws. This rule is justified by the duty which a State owes its own citizens who may be creditors, as well as to itself in the way of taxation. Therefore a creditor of a deceased who was a non-resident is given the right to ask an administration of property which may be found in this State. And it will not do to say there are no creditors, for within the period of limitations that could not well be known. [Becraft v. Lewis, 41 Mo. App. 546.]

So it has come to be well-recognized law in this State that the foreign domiciliary administrator is without title to property in this State. [Naylor v. Moffatt, 29 Mo. 126.] "He cannot maintain a suit here for such property for the simple reason that he has no title to the property." [Richardson v. Busch, 198 Mo. 174, 187.] To the same effect is: In the Matter of Henry Ames & Co., 52 Mo. 290; Turner v. Campbell, 124 Mo. App. 133; Stevens v. Larwell, 110 Mo. App. 140; Becraft v. Lewis, supra.

But it is urged if the debtor pays the debt to the foreign administrator, as in this case, he should be protected, since the money has gone to where it must go in the end. That cannot be allowed to have any weight because of the utter lack of authority and title in such ad-

ministrator. He cannot even assign a note of the deceased so as to enable the assignee to sue upon it in this State. [McCarty v. Hall, 13 Mo. 480.] And in Bartlett v. Hyde, 3 Mo. 490, there was a payment by the debtor to the foreign administrator yet the court held that the administrator appointed here could force him to pay it again; the court remarking, that it was not a question of hardship in a given case, but an absolute law. In keeping with that holding it will be found to be stated in McCarty v. Hall, supra, that the foreign administrator could not "release or control" debts owing by debtors residing in other States.

Nor does the fact that an administrator's title is, in reality, that of a trustee for the heirs and for the foreign domiciliary administrator, as is recognized in Naylor v. Moffatt, 29 Mo. l. c. 128; Richardson v. Busch, 198 Mo. l. c. 188, affect the question. For notwithstanding the administrative trusteeship for the benefit of such persons, yet creditors have a superior right to heirs (Hayes v. Fry, 110 Mo. App. 25), and, as resident creditors, they have a primary right to the protection of the laws of their own state in property of their decedent debtor which has been placed in such State, and to have it administered there instead of forcing them to the inconvenience of foreign jurisdictions.

There is a phase of this case which counsel for defendant has not permitted us to overlook, which is said not to appear in any of the other cases which have arisen in the courts of this State, and that is that here the defendant's payment to the Iowa administrator was before the plaintiff had been appointed to take charge of the estate by our probate court. But that that cannot affect the rule in this state is made apparent by looking to the reason upon which the rule is founded. The reason is that the foreign administrator has no title whatever. The fact that the title may be in abeyance pending the appointment of an administrator here does not arm

the foreign administrator with any authority or cast upon him any title.

What we have written is in accord with the view of the learned trial judge as expressed by him in writing at the trial, a printed copy of which has been furnished us by counsel. It has been a valuable and serviceable guide to the conclusion we have reached.

The judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—The points passed upon in this case have not been otherwise decided by the St. Louis Court of Appeals in Sommer v. Bank, 108 Mo. App. 490, as suggested by defendant. Inference from remarks of the court outside the points of decision should not be drawn against express decisions of the Supreme Court. The decision was that no objection could be taken to the foreign administrator's capacity to sue, since it had been waived by a failure to demur.

The last cases re-announcing the rule stated in the opinion, the first of which was therein cited, are those of Richardson v. Busch, 198 Mo. 174, 184, 185, 187, and De La Vergne v. Richardson, 198 Mo. 189. Unless we are to put ourselves in conflict with those cases, as well as the others cited in the opinion, we must deny the motion.