JAMES D. MINKLER, ADMINISTRATOR OF THE ESTATE OF
ARTHUR ROY MINKLER, DECEASED, PLAINTIFF IN ERROR,
v. WILLIS W. WOODRUFF ET AL., DEFENDANTS IN ERROR.

Distribution of Estates: PLEADING. Petition alleged that *
* * A. R. M. died at Beatrice, Gage county, Nebraska,
intestate; that * * * plaintiff was duly appointed his ad-
ministrator, and has paid all funeral charges, debts of the
deceased, and costs and expenses of administration; that de-
ceased left no issue or widow; that plaintiff is his father and
sole heir at law; that deceased left real estate in Indiana and
Minnesota, and personal estate in Ohio, which estate is in the
possession of the defendant; but the petition does not state that
the deceased was at any time domiciled in Nebraska. . *Held*,
that a general demurrer to the petition was rightly sustained by
the district court.

ERROR to the district court for Gage county. Heard
below on demurrer to the petition, by WEAVER, J. De-
murrer sustained and cause dismissed. The petition was
as follows:

The plaintiff says: That on the 25th day of Novem-
ber, A. D., 1879, the said Arthur Roy Minkler died in
Beatrice, Gage county, Nebraska, intestate; that on the
14th day of May, A. D., 1880, the said James D. Mink-
ler was duly appointed administrator of the estate of the
said Arthur Roy Minkler, deceased; that the said deceased
was seized of lands, tenements and hereditaments, and
of rights thereto and entitled to interests therein, and
was the owner and possessed of personal property and
choses in action at the time of his death; that the said
deceased, at the time of his death, had no issue nor widow,
and the said James D. Minkler was the father of the
said deceased; that all the debts, funeral charges and
expenses in the administration of said estate have been
paid, and the deceased had no family to provide expenses.

for the maintenance of; that the said James D. Minkler, father of the said deceased, and administrator of the estate of the said deceased, is the only heir of the said deceased, and is entitled to the residue of the said estate of the said Arthur Roy Minkler, deceased; that the said defendants, Willis W. Woodruff as executor of the last will and testament of Anna A. Woodruff, deceased, and Amos H. Woodruff, Nodiah Woodruff, Henry Woodruff and Willis W. Woodruff, are uncles of the said Arthur Roy Minkler, deceased, and claim to have an interest in the residue of the real and personal estate of the said deceased; that the said Arthur Roy Minkler, deceased, was the only issue of the said James D. Minkler and Amelia Minkler; that the said Amelia Minkler died on the 9th day of April, A. D., 1876; and the said Arthur Roy Minkler and the said James D. Minkler were the only heirs of the estate of the said Amelia Minkler, deceased; that the following property remains of the estate of the said Arthur R. Minkler, deceased, to which the said James D. Minkler is the sole heir, to-wit: An undivided one-half of a tract of land, more particularly described as follows: commencing at a stake 1,134 feet north of the southeast corner of the west half of the northeast quarter of section 36, in township 13, range 7 west, thence north 81 feet, thence west 270 feet, thence south 81 feet, thence east 270 feet to the place of beginning, containing one-half acre in the county of Clay, and state of Indiana; also an undivided one-half interest in the northwest quarter of the northwest quarter of section 2, in township 13 north of range 7 west, containing 418 63-100 acres, in Clay county, Indiana; also an undivided one-half interest in lots number twenty-five (25) and twenty-six (26), in Shattack's third to the city of Brazil, Clay county, Indiana; also an undivided one-third interest of an undivided one-half interest in certain lands, hereditaments and appur-

tenances thereunto belonging, situate in the city of Minne-apolis, county of Hennepin, and the state of Minnesota, the said property being formerly owned by Anna A. Wood-ruff, deceased, and by her bequeathed to Amelia Minkler and Arthur Roy Minkler, deceased, to-wit: west half of east half of northeast quarter of section 2, township 28, range 24. And also lots number one and two, in block number twenty-one, in Ashton and Sherburne's addition, in the city of Saint Paul, Ramsey county, state of Minnesota; and the plaintiff further says that the said James D. Minkler is the owner of an undivided one-half interest in the said described real estate in the state of Indiana in his own right, and that he is the owner of the said above described real estate, situate in the state of Minnesota, in his own right, by virtue of a tax sale and deed therefor, duly issued to him March 31st, 1877, and that the said Arthur Roy Minkler died possessed only of an undetermined interest in the same; that the following personal property remains of the estate of the said Arthur Roy Minkler, deceased, to which the said James D. Minkler is the sole heir, to-wit: One thou-sand dollars of bank stock and the dividends thereon in the First National Bank of Youngstown, Ohio, which said stock and dividends was formerly owned by Anna A. Woodruff, deceased, and by her given by will to the said Amelia Minkler, and inherited from her by the said Arthur Roy Minkler, deceased, and is now in the pos-session of the said Willis W. Woodruff, executor of the last will and testament of the said Anna A. Woodruff, deceased, and also other personal property of the value of $300.00, in the hands of plaintiff, in Gage county, Nebraska, and in the hands of Willis W. Woodruff, executor aforesaid; that the said defendant, Willis W. Woodruff, executor of the last will and testament of Anna A. Woodruff, deceased, neglects and refuses to pay over and deliver up to the said James D. Minkler the

said one thousand dollars of bank stock, with the dividends thereon, or any part thereof.

Wherefore, the plaintiff prays that the said James D. Minkler be decreed to be the owner of the foregoing real estate and personal property, and the personal property in his hands as administrator, and to be the sole heir of the estate of the said Arthur Roy Minkler, deceased; that the said defendants, and each of them, be required to set forth their interest and claim to, in and against the said property, and that the same be determined, and that the said James D. Minkler shall have the right to demand and recover the said real and personal property of and from the said defendants, and each of them having the same, and that the title to and the claims of the said defendants, and each of them, to the said property, or any part thereof, be decreed to be null and void as against the title and interest of the said James D. Minkler, and the plaintiff asks for such other and further relief as to the court may seem just and equitable.

*Colby & Hazlett*, for plaintiff in error.

*Bush & Rickards*, for defendants in error.

COBB, J.

This case turns upon a single point. The plaintiff fails to state in his petition that the deceased, Arthur Roy Minkler, was domiciled in the county of Gage at the time of his death. Such an allegation is necessary, not only to give the district court of Gage county jurisdiction to distribute the estate of the deceased, but as a substantive fact, necessary to be plead with the others, in order to make out a cause of action.

If Arthur Roy Minkler had his domicile in Gage county at the time of his decease, and having died intestate, leaving personal estate, the district court of that county had jurisdiction to adjudicate its distribution. In such

case the distribution must be made in accordance with the laws of this state; under which the deceased, having neither wife, children, or the issue of a child, his father would be his sole heir at law, and if necessary, could bring suit in the proper court of Gage county to have such estate decreed to him, and could make the proper persons parties to such suit wherever they might be. But all this depends upon the domicile of the deceased at the time of his death. That is the capital fact of the case, and it is left out of the petition. The allegation in the petition that the deceased died in Gage county, does not supply the place of an allegation that he was domiciled there, although it may be, that for some purposes, in the absence of a suggestion to the contrary, a person will be presumed to be domiciled where he may be shown to be in point of fact; but here the plaintiff brings a suit against non-residents of the state, and as it is apparent that his right to a recovery in such suit, nay, that the jurisdiction of the court over it, depends upon this fact, surely it should be presented in a manner to enable the defendants to deny it, if so advised.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.