In re Estate of Charles D. Zook: Mary Zook Hibbard, Administratrix, Appellant, v. L. D. Thompson, State Auditor.—296 S. W. 778.

Division One, July 30, 1927.

1. **CORPORATE STOCK: Intangible Property.** Certificates of stock of a corporation are intangible property.

2. **INHERITANCE TAX: Stock of Foreign Corporation.** Certificates of stock of a dry goods corporation, organized under the laws of another state and doing business only in such other state, if owned by a resident of this State at the time of his death in this State, although located and kept in such other state, are expressly made subject to an inheritance tax in this State by the laws of this State (Secs. 558, 589, R. S. 1919).

3. ————: ————: **Transfer: By Administrator.** The words of the statute (Sec. 589, R. S. 1919) declaring that "estate" and "property" as used in the Inheritance Tax Law "shall include all personal property within or without the State" are not limited to personal property which is transferred by the administrator of the deceased owner. The words referring to a transfer "by the intestate laws of this State," where the personal property consists of the capital stock of a foreign corporation, owned by a resident of this State at the time of his death, mean the passing or transmission of the property by inheritance. On the theory that the title to corporate stock, owned by an intestate at the time of his death, can be transferred only by administration,

and that the transfer of stock of a corporation is governed by the law of the state creating it and not by the laws of another state, it cannot be held that the certificates of stock of a corporation organized and doing business in another state, when owned by a resident intestate of this State, are not subject to an inheritance tax in this State. The statute not only says that estates and property "shall include all personal property within or without the State," but that the "transfer" shall "include the passing of property by inheritance, descent, succession," etc., and an administrator is not an heir or successor.

4. ——: **Succession: Transfer.** An inheritance tax is not a property tax, but an excise or impost upon the right to transmit property at death, or upon the right to succeed to it from the dead; and the words "transfer of property" as used in the Inheritance Tax Law (Secs. 558, 589, R. S. 1919) are used in the sense of transmission of property, or succession to property, and by the words declaring that personal property which is transferred "by the intestate laws of this State" shall be subject to the tax, is meant the law that determines the transmission or succession, or to whom the property passes, on intestate's death, and not the transfer by his administrator.

5. ——: **Personal Property: Follows the Person.** The maxim **mobilia sequuntur personam,** as it relates to the taxation of personal property, applies in this State to the descent and distribution of personal property; and it is universal that the distribution of a descendent's personal property is governed by the law of his domicile. Certificates of stock in a corporation organized and doing business in another state, although located or kept in that state, if owned by an intestate decedent whose domicile was in this State at the time of his death, passed by inheritance according to the laws of this State.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 608, p. 710, n. 73. **Descent and Distribution,** 18 C. J., Section 5, p. 808, n. 16. **Taxation,** 37 Cyc., p. 1553, n. 60; p. 1560, n. 3; p. 1564, n. 32.

Appeal from Holt Circuit Court.—*Hon. Guy B. Parks,* Judge.

AFFIRMED.

*Frank Petree* for appellant.

All laws providing for inheritance tax are construed strictly. Such taxation must be imposed in clear and unambiguous terms. A doubt as to the taxability of a particular fund should be resolved in favor of the citizen. In re Cupples Estate, 272 Mo. 465; In re Rogers Estate, 250 S. W. 577; 37 Cyc. 1556. The law under which it is claimed that the transfer of the property in question is taxable, reads: "A tax shall be and is hereby imposed upon the transfer of any property . . . in the following cases: When the transfer is by will or by the intestate laws of this State from any person dying possessed of the property while a resident of this State." Sec. 558, R. S. 1919. The decedent died intestate and consequently his property was not transferred by will. The sole question is: Is the stock in a foreign

corporation, organized under the laws of Nebraska, and located and doing business in Nebraska, belonging to a resident of Missouri at his death, "transferred by the intestate laws of this State?" The *situs* of the property is not in Missouri, although the domicile of the owner was Missouri. State ex rel. Taylor v. St. Louis Co. Ct., 47 Mo. 600; Leavell v. Blades, 237 Mo. 695; State ex rel. v. Lesser, 237 Mo. 310; State ex rel. v. Bunce, 187 Mo. App. 614; Richardson v. Busch, 198 Mo. 174; Troll v. Third Nat. Bank, 278 Mo. 74-84. The *situs* of stock in a corporation is where the corporation is located, regardless of the residence of the owner. Richardson v. Busch, 198 Mo. 174; Troll v. Third Nat. Bank, 278 Mo. 74. The old rule expressed in the maxim *mobilia sequuntur personam* has in modern times yielded more and more to the *lex situs*, the law of the place where the property is kept and used. Our administration laws have no effect outside the State or on property situate outside the State. Partnership Estate of Henry Ames & Co., 52 Mo. 293; Emmons v. Gordon, 140 Mo. 490; Richardson v. Busch, 198 Mo. 174; Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603; Lewis's Sutherland Statutory Const. (2 Ed.) secs. 13, 14; State ex rel. v. Lesser, 237 Mo. 310; Leavell v. Blades, 237 Mo. 702. The converse of that proposition, that the laws of other states have no effect in Missouri or on the devolution of property situate in Missouri, has been decided many times. McCarty v. Hall, 13 Mo. 480; Naylor's Admr. v. Moffett, 29 Mo. 129; Troll v. Third Nat. Bank, 278 Mo. 74; Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603. Our courts have made no distinction between tangible and intangible property, but the doctrines that the *situs* of property is the place where it is actually situated and does not follow the residence of the owner, and that the laws of Missouri have no force or effect on property situate outside the State, are applied to both tangible or intangible property without any distinction. Richardson v. Busch, 198 Mo. 175; State ex rel. Taylor v. County Court, 47 Mo. 594; Leavell v. Blades, 237 Mo. 695; State ex rel. v. Lesser, 237 Mo. 310; Partnership Estate of Henry Ames & Co., 52 Mo. 290; McCarty v. Hall, 13 Mo. 483; Troll v. Third Nat. Bank, 278 Mo. 74. The transfer of stock in a corporation is governed by the law of the State creating it, and not by the law of a foreign State. Masury v. Arkansas Nat. Bank, 87 Fed. 381; Black v. Zacharie, 3 Howe, 483; Lowell on Stocks, 50; Hammond v. Hastings, 134 U. S. 401; Green v. Van Buskirk, 7 Wall. 140. The words, "and shall include all personal property within or without the State," contained in Sec. 589, R. S. 1919, are necessarily limited by the provisions of Section 558, and no property "within or without the State" is subject to the tax unless included in some provisions of Section 558. In re Joyslin's Estate, 56 Atl. (Vt.) 281. Under the common law the succession of personal property was determined by the law of the domicile. Wyatt, Admr.

v. White, 192 Mo. App. 551-557. It is provided by the Statutes of Missouri that property situate in Missouri belonging to a non-resident decedent shall descend according to the law of the domicile of the deceased owner. Sec. 253, R. S. 1919. But that statute applies only to property within the State over which our laws have exclusive jurisdiction and control. It doesn't purport to direct the devolution of property outside the State over which our courts or laws have no control. In re Joyslin's Estate, 56 Atl. (Vt.) 28; Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603.

*North T. Gentry,* Attorney-General, *Stratton Shartel,* Special Assistant Attorney-General, for respondent.

(1) The statute expressly provides that an inheritance tax shall be imposed upon the transfer of any intangible personal property, when said transfer is by the intestate laws of Missouri from any person dying possessed of property while a resident of this State. Sec. 558, R. S. 1919. The word "property" as used in this law, shall include all personal property within or without the State. Sec. 589, R. S. 1919. Corporate stock is intangible personal property. 14 C. J. 381, 387; Foster v. Potter, 37 Mo. 529; Words & Phrases, "Stock;" Childs' Personal Property, p. 56. (2) The transfer or inheritance tax of this State is not a property tax in any sense, but is simply a burden upon the devolution of property from the dead to the living. Our transfer tax law is not a part of the taxation laws of this State, but a part of those laws pertaining to the disposition of property when the owner's right thereto has been foreclosed by death. It is a tax upon the transfer, succession or devolution of property. McClintock v. Guinotte, 275 Mo. 313; In re Bernero Estate, 271 Mo. 544; State v. Schwitzler, 143 Mo. 316; In re Dillingham, 238 Pac. 370; 26 R. C. L. 196. The State has unlimited power over the devolution of property, and could therefore take all the property left by a decedent, if it saw fit. McClintock v. Guinotte, 275 Mo. 313; 26 R. C. L. 198. The transfer contemplated in our statute takes place at the moment of death, and does not pertain to the practical administration of the estate. Gleason & Otis on Inheritance Taxation (3 Ed.) 27. (3) The chief object of an ancillary or domiciliary administration is to collect and preserve local assets for the benefit of local creditors. Administration is not necessary for succession or distribution. Distribution, when made by the ancillary representative, must be in accordance with the laws of the domicile. In re Sanford, 188 Iowa, 839; 23 C. J. 996 to 1002; 24 C. J. 1112, 1126, 1128; Bell v. Bank, 188 Mo. App. 387; Richardson v. Cole, 160 Mo. 379; Childs' Personal Property, 386, 387; Stephens v. Larwill, 110 Mo. App. 159;

Sec. 1311, Neb. Compiled Statutes, 1922; Minkler v. Woodruff, 12 Neb. 270; 11 R. C. L. 542, 547 and 548, sec. 12; Cotterell v. Coen, 246 Ill. 413; In re Lawrence's Will, 93 Vt. 424; In re Howard's Estate, 80 Vt. 489. Personal property passes and descends by force of the laws of the State in which the decedent was domiciled. 18 Cyc. 1224; 12 C. J. 476; 5 R. C. L. 929; 14 Cyc. 189; 24 C. J. 1128; 18 C. J. 810; Childs' Personal Property, 387; Minkler v. Woodruff, 12 Neb. 270; Wyatt v. White, 192 Mo. App. 557; Locke v. McPherson, 163 Mo. 500; Spraddling v. Pipkin, 15 Mo. 84; Matter of James, 144 N. Y. 12; Frothingham v. Shaw, 175 Mass. 59; Whitney v. Dodge, 105 Cal. 192; Ennis v. Smith, 14 How. (55 U. S.) 400; Sec. 253, R. S. 1919. (4) For the purposes of the Missouri inheritance tax law, intangible personal property, wherever situated, has a legal *situs* at the domicile or residence of the decedent, and the State has the power to impose the tax upon the succession or transfer thereof, where the decedent was a resident of the State, although the property was never actually in the State. Bullen v. Wisconsin, 240 U. S. 625; Blackstone v. Miller, 188 U. S. 189; Frick v. Pennsylvania, 268 U. S. 473; R. I. Hospital Trust Co. v. Doughton, 46 Sup. Ct. Rep. 256; In re Swift, 137 N. Y. 77; In re Merriam, 141 N. Y. 479; In re Morgan, 159 N. Y. Supp. 105; Dammert v. Osborn, 141 N. Y. 564; Frothingham v. Shaw, 175 Mass. 59; People v. Kellogg, 268 Ill. 489; People v. Griffith, 245 Ill. 532; Oakman v. Small, 282 Ill. 360; People v. Union Trust Co., 255 Ill. 168; In re Hodges, 170 Cal. 492; 26 R. C. L. 210; Blakemore & Bancroft on Inheritance Taxation, secs. 207 and 209; Gleason & Otis on Inheritance Taxation (3 Ed.) 22, 23 and 24; Gallups Appeal, 76 Conn. 617; Bridgeport Trust Company's Appeal, 77 Conn. 657; In re Sanford, 188 Iowa, 833; State v. Probate Court, 124 Minn. 508; Dalrymple's Est., 215 Pa. 367; In re Sherwood's Estate, 122 Wash. 648.

ATWOOD, J.—This case originated in a judgment of the Probate Court of Holt County, Missouri, assessing an inheritance tax against the estate of Charles D. Zook, deceased. On appeal to the circuit court the cause was submitted upon the following agreed statement of facts:

"The decedent, Charles D. Zook, died intestate on the 22nd day of November, 1922, a resident of Holt County, Missouri. At the time of his death he owned a large estate situate in Holt County, and also owned stock in the Byrne-Hammer Dry Goods Company, a corporation, organized under the laws of Nebraska, and located and doing business in the city of Omaha, of the par value of $179,000. The certificates of stock were not in the State of Missouri at the time of his death, but were in a safety deposit box rented and kept by him in the city of Omaha.

"In due time after the death of deceased, Mina Wright, of Oregon, Missouri, was appointed by the Probate Court of Holt County, to appraise the said estate for the purpose of the state inheritance tax. In her return she listed the above-mentioned stock in the Omaha corporation, but did not assess a tax on account of it, holding that the stock was not liable to tax in Missouri. The Probate Court of Holt County overruled the appraiser, listed the stock in the Omaha corporation as subject to the tax and assessed the inheritance tax accordingly. The administratrix has appealed.

"The sole question before the court is whether or not the transfer of the stock in the Nebraska corporation is subject to the inheritance tax laws of Missouri. The administratrix contends that it is not subject to the said tax, and the attorney-general claims that.it is."

The circuit court affirmed the action of the probate court in the following terms:

"The court doth find all the issues in favor of the State of Missouri, and doth more particularly find that the Nebraska corporation stock belonging to this resident estate passed under the intestate laws of Missouri, and is, therefore, subject to the Missouri transfer and inheritance tax.

"Wherefore, it is ordered, adjudged and decreed that said stock should be included, along with the other property, in the appraiser's inheritance tax report, and should bear its proper legal inheritance tax, and the clerk of this court is ordered to transmit a certified copy of this judgment and decree to the Probate Court of Holt County, Missouri, and it is further ordered that the judgment of the said probate court be affirmed and that said estate bear all costs."

After a timely and unavailing motion for a new trial, the administratrix appealed. The motion for a new trial set up the following grounds:

"First. That the finding and judgment of the court is against the agreed statement of facts, and against the law under said agreed statement of facts.

"Second. That the judgment was for the wrong party.

"Third. That the court erred in ruling that the shares of stock owned by deceased at his death, in the Byrne-Hammer Dry Goods Co., a corporation of the State of Nebraska, were subject to an inheritance tax under the laws of the State of Missouri."

Appellant's assignment of errors is as follows:

"1. The finding and judgment is against the law under the agreed statement of facts.

"2. The court erred in ruling that the shares of stock owned by deceased at his death in the Byrne-Hammer Dry Goods Company, a corporation of the State of Nebraska, were subject to an inheritance tax under the laws of the State of Missouri.

"3. The levy and collection by the State of Missouri of a tax on the transfer of stock in the Byrne-Hammer Dry Goods Company, a corporation, situate in Nebraska, is in violation of the Fourteenth Amendment to the Constitution of the United States of America, and of Section 30 of Article 2 of the Constitution of Missouri."

We observe at the outset that the corporate stock here in question is intangible property (13 C. J. 387; Foster v. Potter, 37 Mo. l. c. 530; Armour Bros. Banking Co. v. St. Louis Nat. Bank, 113 Mo. l. c. 20), and the force and effect of whatever our ruling may be in this case will necessarily be limited to intangibles.

At the conclusion of his brief counsel for appellant thus sums up the propositions for which he contends:

"That the *situs* of the stock of the Nebraska corporation is Nebraska and not Missouri.

"That the title to the stock can be transferred only by administration.

"That the administration laws of Missouri have no effect or power beyond the limits of Missouri."

The authorities cited in support of appellant's first proposition and the property involved in each case are as follows:

Richardson v. Busch, 198 Mo. 175, bonds of a foreign corporation, owned by a non-resident; State ex rel. Taylor v. St. Louis, 47 Mo. 594, bonds of a Missouri corporation, owned by a non-resident; Leavell v. Blades, 237 Mo. 695, gold dust and a promissory note, situate outside the State, owned by a resident; State ex rel. v. Lesser, 237 Mo. 310, shares of stock in a foreign corporation owned by a resident; Partnership Estate of Henry Ames & Co., 52 Mo. 290, notes and accounts, situate in foreign State, owned by a resident; State ex rel. v. Bunce, 187 Mo. App. 607, a note, situate in Missouri, owned by a non-resident; McCarty v. Hall, 13 Mo. 480, a note, situate in Missouri, owned by a non-resident; Troll v. Third Natl. Bank, 278 Mo. 74, stock in a Missouri corporation, owned by a non-resident; Naylor's Admr. v. Moffatt, 29 Mo. 126, slaves in Missouri, owned by a non-resident.

We have examined all of the above cases and find that none of them, except the Bunce case, involve the right to collect an inheritance tax, and the holding upon which appellant relies in that case is that a promissory note executed in this State by residents of this State, secured by land in this State, brought by a non-resident owner into this State a few days before his death, and being in this State at the time of his death, was property "within this State" within the meaning of Section 309, Revised Statutes 1909, the first section of the Collateral Inheritance Tax Law then in force but since repealed. We find nothing in any of these decisions which can be construed as fixing or controlling the *situs* of the corporate stock in this case, as

against the express terms of the law now under consideration. In fact, Leavell v. Blades, and State ex rel. v. Lesser, supra, cases involving the direct taxation of property and holding that evidence of debt or shares of stock outside this State, though owned by a resident of this State, are not taxable in this State, were decided on the express ground that our statutes do not require that they be so taxed, and in the former case we said (l. c. 700) : "It does not follow that the Legislature might not, if it saw fit, enact a statute making the *situs* of choses in action, intangible personal property, the same as the domicile of the owner, for taxation purposes."

Turning to the Inheritance Tax Law now in effect, we find that Section 558, Revised Statutes 1919, the first section thereof, is as· follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed or any interest therein or income therefrom, in trust or otherwise, to persons, institutions, associations, or corporations, not hereinafter exempted, in the following cases: When the transfer is by will or by the intestate laws of this State from any person dying possessed of the property while a resident of the State. When the transfer is by will, or intestate law, of property within the State or within the jurisdiction of the State and decedent was a non-resident of the State at the time of his death. When the transfer is made by a· resident or by a non-resident when such non-resident's property is within this State, or within its jurisdiction, by deed, grant, bargain, sale or gift made in contemplation of the death of grantor, vendor or donor, or intending to take effect in possession or enjoyment at or after such death. Every transfer by deed, grant, bargain, sale or gift made within two years prior to the death of grantor, vendor or donor, of a material part of his estate or in the nature of a final disposition or distribution thereof without an adequate valuable consideration shall be construed to have been made in contemplation of death within the meaning of this section. Such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property, interest therein, or income therefrom, whether the transfer thereof is made before or after the passage of this act: *Provided* that property which is actually vested in such persons or corporations before this act takes effect shall not be subject to the tax."

Section 589, Revised Statutes 1919, the last section of the same law, is as follows:

"The words 'estate' and 'property' as used in this article shall be taken to mean the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor, or donor passing or transferred to individual legatee, devisees, heirs, next of kin, grantees, donees, vendees, or successors, and shall include all per-

317 Mo. Sup.—63.

sonal property within or without the State. The word 'transfer' as used in this article shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift or appointment in the manner herein described. The word 'decedent' as used in this article shall include the testator, intestate, grantor, bargainor, vendor, or donor. The words 'contemplation of death' as used in this article shall be taken to include that expectancy of death which actuates the mind of a person on the execution of his will, and in nowise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person in making a gift *causa mortis*, and it is hereby declared to be the intent and purpose of this article to tax any and all transfers which are made in lieu of or to avoid the passing of the property transferred by testate or intestate laws."

The latter section thus in unmistakable terms includes the intangible or corporate stock here brought in question and fixes its *situs* for the purpose of this law as the domicile of the resident owner. In so holding we do but follow the plain meaning of the statute and fail not to give it the strict construction that we have held in State v. Rogers, 250 S. W. 576, should be applied to such statutes. Counsel for appellant, however, say that the words "and include all personal property within or without the State" contained in this section, are necessarily limited by the language of Section 558 to personal property which is transferred "by the intestate laws of this State," and that they do not apply to the corporate stock in question unless it be held that such stock, although situated in Nebraska, is transferred by the intestate laws of Missouri.

The above claim merely shifts appellant's burden to the second proposition or contention, that "the title to the stock can be transferred only by administration," in support whereof it is urged that "the transfer of stock in a corporation is governed by the law of the State creating it, and not by the law of a foreign State." The authority cited on this point is Masury v. Arkansas National Bank, 87 Fed. 381, wherein are cited Black v. Zacharie, 3 How. 483; Lowell on Stocks, 50; Hammond v. Hastings, 134 U. S. 401; and Green v. Van Buskirk, 7 Wall. 140. An examination of these cases discloses that they relate to assignments of stock and like transactions between living persons involving the corporation laws of the State, the term "transfer" being used in the restricted sense of writing the new owner's name on the stock records, issuing new certificate, etc. Obviously the term is used in no such narrow sense in the above statutes. In Section 589, supra, the word "transfer" is legislatively defined (italics ours) "to include the *passing of property* or any interest therein, in possession or enjoyment, present or future, *by in-*

*heritance, descent,* devise, *succession,* bequest, grant, deed, bargain, sale, gift or appointment in the manner herein described.'' In this case the decedent's property "passed" by the laws governing descents and distributions, and not by virtue of corporation laws prescribing the mode of transferring stock on the books and issuing new certificates, nor even by virtue of laws governing administration; because, as elsewhere stated in this same section, the "passing" or "transfer" contemplated is "to individual legatees, devisees, heirs, next of kin, grantees, donees, vendees, or successors," and an executor, administrator, or other like agent or trustee who has no beneficial interest in the "property" clearly fails to come within this classification.

Furthermore, an inheritance tax "is not a property tax; but an excise or impost upon the right to transmit property at death; or upon the right to succeed to it from the dead." [Gleason & Otis on Inheritance Taxation (4 Ed.) page 247.] In this State we have held without dissent that it is not a tax on property. [State ex rel. McClintock v. Guinotte, 275 Mo. 1. c. 321.] We have also variously spoken of it as a tax "on the transmission of property" (Maguire v. University, 271 Mo. 1. c. 363), a tax "on the right to succession to the property" (In re Bernero Estate, 271 Mo. 1. c. 544), and "a bonus or duty levied upon the right or privilege of the devisee, heir or distributee, for receiving his share" (In re Cupples Estate, 272 Mo. 1. c. 470), and it seems clear from a careful reading of the above sections, 558 and 589, that the words "transfer of any property" are used in the sense of "transmission of any property" or "succession to any property," in contradistinction to the uses and meanings suggested by appellant. Hence, contrary to appellant's contention, we hold that the law that operates to transfer the title is the law that determines the transmission, succession, or to whom the property passes, and appellant's third proposition, that "the administration laws of Missouri have no effect or power beyond the limits of Missouri," does not enter into a decision of this case.

Whatever may be said as to the application in this State of the maxim *mobilia sequuntur personam* in the taxation of property, there is no question but that it applies in the descent and distribution of personal property. The universal application of the rule that distribution of the decedent's personal property is governed by the law of his domicile is thus stated in 5 Ruling Case Law, page 929:

"In the administration and settlement of decedents' estates personal property is distributed by the law of the domicil of the decedent at the time of his death. This rule has been universal for so long a time that it may now be said to be a part of the *just gentium,* but the law of the domicil of the decedent must yield to that of the

actual *situs* of the property, where rights of creditors resident at the *situs* are in question."

It has been so declared in our statutory law and judicial decisions. [Sec. 253, R. S. 1919; State ex rel. v. Brinkop, 238 Mo. l. c. 320; Locke v. McPherson, 163 Mo. l. c. 500; Spraddling & Keeton v. Pipkin, 15 Mo. l. c. 134; Wyatt v. White, 192 Mo. App. l. c. 557.] The laws of Nebraska have been likewise judicially interpreted. [Minkler v. Woodruff, 12 Neb. 267.]

We are thus led to the conclusion that the trial court correctly found that the intangible property here in question consisting of stock in a Nebraska corporation represented by certificates located in Nebraska, but owned by the decedent whose domicile was in Missouri at the time of his death, passed under the intestate laws of Missouri, and was, therefore, subject to Missouri's inheritance tax.

While we must treat the constitutional questions suggested in appellant's third assignment of errors as untimely raised, they not having been presented at all to the court below, we call attention to the fact that the conclusion we have reached is in harmony with the decision of the Supreme Court of the United States in Frick v. Pennsylvania, 45 Sup. Ct. Rep. 603, much relied upon by appellant and in which similar constitutional questions were passed upon, for that decision, as well as the more recent decision of the same court in Rhode Island Hospital Trust Company v. Doughton, 46 Sup. Ct. Rep. 256, clearly distinguishes tangible and intangible personal property and holds the latter to be "on a different footing from tangible personalty."

For the reasons above stated the judgment of the circuit court is affirmed. All concur, except *Gantt, J.*, not sitting.