IN RE ESTATE OF JULIA GARTSIDE, Deceased: ST. LOUIS UNION TRUST COMPANY, Executor, v. M. E. MORRIS, Director of Revenue of the State of Missouri, and J. E. TAYLOR, Attorney General of the State of Missouri, Appellants.—No. 40407.—207 S. W. (2d) 273.

Division Two, December 8, 1947.

Motion for rehearing or to transfer to Banc overruled, January 12, 1948.

*J. E. Taylor,* Attorney General, and *Will F. Berry, Jr.,* Assistant Attorney General, for appellants.

182

*Thompson, Mitchell, Thompson & Young, Samuel A. Mitchell, Robert Neill, Jr., Fordyce, White, Mayne, Williams & Hartman, Walter R. Mayne, Lashly, Lashly, Miller & Clifford*, and *Jacob M. Lashly* for respondent.

[273] WESTHUES, C.—The question to be decided in this case is whether an inheritance tax must be determined on the basis of a disposition as made by will, or on the basis of a disposition as provided for in a compromise agreement entered into between the heirs who instituted a will contest and the legatees named in the will. The probate court of the City of St. Louis, Missouri, based the tax on the distribution as provided for by the compromise agreement. On appeal to the Circuit Court the same result was reached. The Director of Revenue of the State of Missouri appealed.

We learn from the record that if the tax is determined on the basis of the will it will amount to $168,873.47, but if determined on the compromise agreement and as fixed by the courts below it will amount to $77,167.68. A short statement of the facts will [274] suf-

fice for a determination of the question presented. The testatrix, Julia Gartside, by her will, dated in 1935 and supplemented by a codicil dated 1944, made seven specific bequests. One bequest was to a cousin for $10,000 and the other six were for $2,000 each. Two of these bequests were to charities, the Shriner's Hospital for Crippled Children and the Missouri School for the Blind at St. Louis. The balance of the estate, valued at $684,253.24, was by the codicil given to Mrs. Carol White, who was not related to the testatrix. The testatrix, by her codicil, changed some of the bequests and others were revoked. A number of beneficiaries named in the will of 1935, whose legacies were revoked, instituted proceedings to set aside the codicil of 1944. Later certain heirs of the testatrix brought suit to set aside the will of 1935, as well as the codicil of 1944. While these suits were pending, and after much labor had been performed in preparing for trial, the parties entered into a compromise agreement wherein it was agreed that the will should be admitted to probate and a further stipulation was made as to the disposition of the property of the estate. The two bequests to the charitable institutions were left intact. The principal beneficiary under the codicil of 1944, Mrs. Carol White, by the agreement received $270,901.30. A number of beneficiaries under the will of 1935, whose bequests had been revoked by the codicil, received certain amounts, and the collateral heirs also received substantial amounts. There were no lineal descendants.

It is conceded that the settlement was made in good faith and not with a view of reducing taxes. The position of the state is that the tax must be computed without regard to the compromise agreement. The argument is made that the residuary estate, in this case vested in Mrs. Carol White at the instant of the death of the testatrix, subject to the payment of the debts, and the subsequent agreement, was only a matter of contract and the parties receiving property through such a contract take as assignees of the residuary legatee. The appellate courts of this state have not passed on the identical question, but the state is supported in this contention by a number of cases from other states. See Brown et al. v. McLoughlin et al., 190 N. E. 795; In re O'Neill's Estate, 162 Atl. 425; In re Sanford's Estate, 90 Neb. 410, 133 N. W. 870; English's Estate v. Crenshaw, 120 Tenn. 531, 110 S. W. 210; Crane v. Mann et al., 162 S. W. 2d (Texas) 117.

. The state lays much stress on the fact that the will was probated and thus adjudicated to be valid. In deciding such cases the Texas court in Crane v. Mann, supra, and other courts, gave much consideration to the fact that the will was probated. Note what was said in the Texas case, 162 S. W. 2d 119 (3):

"Regardless of the agreement which brought it about, the fact remains that the will of the decedent was probated and by the terms of it appellant received all of the estate."

The court further commented that the legatee was purchasing her peace and thereby securing unquestioned title to the balance. These same reasons were generally assigned in the cases holding that the tax should be determined on the basis of the disposition made by the will and not according to the compromise agreement. The Texas court, however, recognized the rule, holding a tax must be based on what the parties actually received from an estate, to have some merit. Note what it said about this rule:

"It would at first appear not only logical but also a more equitable and just rule of taxation than that announced above."

The Texas court said in its opinion that the majority rule was that the tax must be based upon a disposition as made by the will which has been probated. The state in this case also asserts that the weight of authority supports its contention. Let us for the sake of argument concede that to be a fact. That would be persuasive but not binding on this court. We are firmly convinced, as it at first appeared to the Texas court, that the ruling basing the tax on the amount actually received by persons from an estate, be that under the terms of a will by the intestate laws or pursuant to a compromise agreement in case of a contest, is the most logical, equitable and just. To illustrate let us take the present case as an example. Suppose that in place of Mrs. White, the [275] Shriner's Hospital for Crippled Children had been the residuary legatee. Then, let us suppose a contest had been instituted by these same collateral heirs and a compromise effected whereby the collateral heirs would receive more than $400,000. Under the rule, as contended for by the state, no tax could be imposed. Was that the intention of the legislature when it enacted the inheritance tax law? We think not. We find respectable authority holding that an inheritance tax must be based upon the amounts actually received. See Re Estate of John Sage et al. v. Commissioner of Internal Revenue, 122 Fed. 2d 480, 137 A. L. R. 658. In re Thorson's Estate, 185 N. W. (Minn.) 508; Re Kierstead, 122 Neb. 694, 241 N. W. 274; Taylor v. State, 149 S. E. (Ga.) 321; In re Pepper's Estate, 28 Atl. (Pa.) 353; Heim v. Nee, 40 Fed. Supp. 594.

We are not impressed with the reasoning that under a compromise agreement to settle a will contest the contester receives the property as an assignee of the legatee. The right to contest a will is given only to those who have a right under the law to participate in the estate. Therefore, an heir who brings a will contest is claiming the property in his own right under the statute of descent and distribution. When such an heir takes property under a compromise agreement, the legatee renounces so much of the legacy and the contestee takes the property as heir and not as an assignee. See Taylor v. State and In re Pepper's Estate, supra. Also Lyeth v. Hoey, 305 U. S. 188, 59 Sup. Ct. 155, 119 A. L. R. 410, 1. c. 415.

In the latter case the United States Supreme Court reviewed the cases on this subject and adopted the theory that an heir contesting a will, who compromises and withdraws the contest, receives the property as an heir. The court in that case said:

"While the will was admitted to probate, the decree also required the distribution of the estate in accordance with the compromise and, so far as the latter provided for distribution to the heirs, it overrode the will. So far as the will became effective under the agreement it was because of the heirs' consent and release and in consideration of the distribution they received by reason of their being heirs."

What is most impressive and persuasive in favor of the rule of taxing on the basis of what is actually paid and not on the basis of what is bequeathed by the will, is the fact that under such a rule all are taxed as provided by law. Under the other rule, that is, basing the tax according to the will and not upon the actual distribution as provided for in a compromise agreement, some may escape taxation even though they receive large sums, while others may be compelled to bear a burden far beyond that fixed by the statute. The Supreme Court of Minnesota expressed itself as follows concerning this rule, 185 N. W. 1. c. 509:

"Under the rule adopted the tax falls upon those who receive the property, and in proportion as it comes to them. That seems just, it seems fair, is consistent with every legitimate claim of the state, and places the burden of the tax where it rightly belongs."

The Supreme Court of Nebraska in the case Re Kierstead said:

"Logically, it would seem to follow that if a beneficiary may renounce the whole legacy, he may renounce a part, and the part so renounced is not subject to the tax as property transferred to him by will. When a will contest has been amicably settled between the beneficiaries named in the will and the heirs at law and they have in good faith stipulated for a decree of distribution in accordance with the settlement and there is no intent thereby to evade or reduce the inheritance tax, the tax should be computed upon the portion received by each beneficiary under the decree."

The question remains, does our statute permit taxing on the basis of a compromise agreement when a will is probated? We think so. Our statute has been before this court for interpretation on a number of occasions. For example, in In re Zook's Estate, 317 Mo. 986, 296 S. W. 778, 1. c. 780 (4) this court said:

"Furthermore, an inheritance tax 'is not a property tax, but an excise or impost upon the right to transmit property at death, or upon the right to succeed to it from the dead.'"

See also Priedeman v. Jamison et al., 356 Mo. 627, 202 S. W. 2d 900, 1. c. 903 (1-5), where this court said:

"Such a tax is an [276] excise on the privilege of taking property by will or by inheritance. or by succession in other form upon death of the owner."

In the case of In re McKinney's Estate, 351 Mo. 718, 173 S. W. 2d 898, l. c. 900 (1), this court said:

"It is no longer debatable that our inheritance tax is a tax on the right to receive or take property rather than on the right to transfer property after death (In re Bernay's Estate, 344 Mo. 135, 126 S. W. 2d 209, 122 A. L. R. 169; In re Zook's Estate, 317 Mo. 986, 296 S. W. 778), and, therefore, the incidence of the tax falls upon the recipient of the property, the amount of the tax being determined by the net value of the property received by the beneficiary from the gross estate."

Note that Section 571, Mo. R. S. A., R. S. Mo., 1939, in the latter portion thereof where. it fixes the time when the tax is to be imposed, reads as follows:

"Such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property."

Note also the provisions of Section 573, Mo. R. S. A., R. S. Mo., 1939, which fix the rate of taxation according to the degree of relationship the recipient bears to the deceased whose property is being distributed. This section provides that the amount and rate of tax is to be determined when the property passes to the person's decedent. Statutes must be construed to effectuate purpose intended. 61 C. J. 1625, Section 2410. It seems to us the intention of the legislature was that the rate and the amount of tax should be determined upon the basis of the amount of property actually received by the recipient and on a basis of that person's relationship to the deceased whose property is being distributed. The trial court so ruled. The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.