In the Matter of the ESTATE of Ida A. ARMACK, Deceased, Derbin Fleming, Executor, Respondent,

v.

STATE of Missouri, Appellant.

No. 59606.

Supreme Court of Missouri, En Banc.

Feb. 8, 1978.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for appellant.

Max B. Benne, Mound City, for respondent.

FINCH, Judge.

The State appeals from a judgment affirming the assessment of inheritance tax in the Estate of Ida A. Armack, deceased. We have jurisdiction because construction of the revenue laws of the state is involved. Art. V, § 3, Mo.Const.

This case was submitted in the circuit court on an agreed statement of facts. Only two questions are presented on appeal. The first is whether a bequest to a cemetery to be used for the care and maintenance of the graves of certain members of decedent's family is exempt from inheritance tax.[1] The second question is whether

---

1. The clause of the will providing for this bequest provides:

"Fifth: I give and bequeath the sum of three thousand dollars to the duly elected officers or Trustees of the Mound City Cemetery who are

holding such office at the time the bequest shall be paid, and to their successors in trust nevertheless for the investment of such sum in U.S. bonds or other investments of a type lawfully permitted as investments for trustees and

various devises to a husband and wife are to be taxed to them separately or whether the devises are to be taxed singly to the married devisees as tenants by the entirety.[2]

The inheritance tax appraiser in the probate court recommended that no tax be assessed on the devise in trust to the officers of the Mound City Cemetery on the basis that it was a charitable trust and, hence, exempt from inheritance tax under §§ 145.090(1) and 145.100.1.[3] He recommended that taxes on the devises under the Ninth, Tenth and Twelfth clauses of the will be assessed to the husband and wife for purposes of inheritance tax as separate gifts to each of an undivided one-half interest in the real estate rather than as a gift to the tenants by the entirety as a single unit. These recommendations were followed by the probate court and the inheritance tax was assessed accordingly. On

appeal by the State to the Circuit Court of Holt County, the judgment of the probate court was affirmed.

### Bequest to Maintain Cemetery Lots

 The bequest to the Mound City Cemetery is not exempt from inheritance tax under §§ 145.090(1) or 145.100.1 because it creates a private rather than a charitable trust. The nature of a bequest very similar to the one we consider was addressed by this court in *Earney v. Clay*, 462 S.W.2d 672 (Mo.1972). In that case the testatrix had left the residue of her estate in trust to the county court "for the purpose of the perpetual care and maintenance of my gravesite, and the gravesite of my husband, Frank Clay, and the gravesite of the Clay family located in the Liberty Cemetery which is situated near Steelville, Missouri. . .." The bequest was attacked as a violation of the rule against perpetuities. The court

guardians under the law of Missouri with income from the same to be used for the care and maintenance of the graves of my three brothers, my grandmothers, grandfather, mother and uncle located in said cemetery."

2. The various clauses providing for these devises provide in pertinent part as follows:

"Ninth: I give and devise to Derbin F. Fleming and Connie Fleming, husband and wife, all the North one-half of the Northwest one-fourth of Section Twenty-seven and all the South one-half of the Southwest one-fourth of Section Twenty-two all in Township Sixty-two North, Range Thirty-eight West of the 5th P.M. Holt County, Missouri, consisting of 160 acres more or less, PROVIDED that the said Derbin F. Fleming and Connie Fleming shall be legally married at the time of my death. If said devisees be not married on said date, I give and devise all of the premises heretofore described in this paragraph to the said Derbin F. Fleming to be his absolutely.

"Tenth: I give and trant [sic] to Lois Byron and Walter A. Byron, her husband, my residence property where I now live, which is located on the east part of Lots 6 and 7, Block One, original town of Mound City, Missouri, to be theirs absolutely. In the event that either Walter A. Byron or Lois Byron shall predecease me, I give and devise said property to their two children, Mrs. Janet Price and Mrs. Kay Smith, share and share alike.

"Twelfth: I give, devise and bequeath to Lester Young and Ruby Young his wife, of Mound City, Holt County, Missouri or to the survivor of them, all the Southeast one-fourth of the Southeast Quarter of Section Four and the

West Half of the Southwest Quarter of Section Three, all in Township Sixty-one North, Range Thirty-eight West of the 5th P.M., Holt County, Missouri, together with all unharvested crops on the devised premises at the time of my decease, and all of my interest in any livestock owned jointly by either or both of said beneficiaries and myself at the time of my decease. . . . ."

3. All statutory references are to RSMo 1969 unless otherwise indicated. The two sections relied on by the appraiser provide:

"§ 145.090. The following are exempt from taxes imposed in this chapter:

"(1). All transfers, direct and indirect, including transfers from a trustee to another trustee of any property or beneficial interest therein to be used solely for county, municipal, religious, charitable or educational purposes in this state."

"§ 145.100.1. When any property, benefit or income shall pass to or for the use of any hospital, religious, educational, Bible, missionary, scientific, benevolent or charitable purpose in this state, or to any trustee, association, or corporation, bishop, minister of any church, or religious denomination in this state to be held and used and actually held and used exclusively for religious, educational, or charitable uses and purposes, whether such transfer be made directly or indirectly, the same shall not be subject to any tax, but this provision shall not apply to any corporation which has a right to make dividends or distribute profits or assets among its members."

recognized that if the bequest was considered charitable it would not be subject to the rule against perpetuities. The court determined that the trust was not for a charitable purpose and would be subject to the rule against perpetuities unless specifically exempted by statute, the issue upon which the case was ultimately resolved. In its analysis of whether the bequest was one in trust for a charitable purpose, the court held, at 673:

> "We are not informed whether the Liberty Cemetery is public or private, but in either event the cemetery as such is not the beneficiary of the trust. The income is to be spent for the improvement and maintenance of only certain graves therein. In the absence of a statute, a bequest for the perpetual care and improvement of individual burial lots is not a bequest for a charitable purpose and is void as a perpetuity. *Clark v. Crandall,* 319 Mo. 87, 5 S.W.2d 383; 14 C.J.S. Charities § 14; 15 Am.Jur.2d, Charities § 83; Annot., 47 A.L.R.2d 623. . . ."

The court then determined that under § 214.140 a trust for the maintenance of graves was exempted from the rule against perpetuities by statute. However, it is clear that the court reached the question of the application of § 214.140 only after it had held that the bequest there involved was not charitable.

In *Stewart v. Coshow,* 238 Mo. 662, 142 S.W. 283 (1911), decedent's will left property to trustees to establish and maintain a cemetery for the benefit of testator's "large circle of friends and relatives." The will did not spell out or limit who constituted the circle of friends and the court concluded that the bequest was for the benefit of an indefinite number of persons and was to establish a public rather than a private cemetery. As such, the court held that it qualified as a bequest for a charitable purpose. That case is not authority for holding that the bequest to the Mound City Cemetery created a public trust.

■ Respondent also seeks to justify the exclusion from inheritance tax of the bequest under clause Fifth on the basis that it is exempt under Art. X, § 6, of the Missouri Constitution as amended in 1972. The relevant portion of that section provides:

> "All property, real and personal, of the state, counties, and other political subdivisions, and nonprofit cemeteries, shall be exempt from taxation . . . ."

This section is clearly inapplicable because it speaks of taxing *property of* a cemetery, whereas the inheritance tax is not a tax on property at all. Rather, it is a tax on the right to receive or take property. *In re Gartside's Estate,* 357 Mo. 181, 207 S.W.2d 273, 275–276 (1947); 85 C.J.S. *Taxation* § 1111. It follows that the trial court erred in excluding the bequest under clause Fifth from the assessment of inheritance tax.

### Bequests to Husbands and Wives

■ The section of Chapter 145 which imposes a tax in this situation is § 145.020 which provides for a tax on all property, real, personal or mixed, unless it is specifically exempted. Those exemptions appear in another section. The rates of tax imposed pursuant to § 145.020 are specified in § 145.060.[4] There is no contention that these devises were exempt. The sole issue is how the tax is to be computed. In such determination the tax laws are construed strictly against the taxing authority and in favor of the taxpayer. *In re Gerling's Estate,* 303 S.W.2d 915, 919 (Mo.1957).

■ The devises made in clauses Ninth, Tenth and Twelfth do not state specifically how the husband and wife named in each are to take the property. However, it is clear that in Missouri, as at common law, a conveyance to husband and wife as joint grantees during coverture ordinarily creates a tenancy by the entireties. *Davidson*

---

4. Under this section the rate of tax is determined by reference to statutory classifications based on the blood relationship of the beneficiary to the deceased. In the case of a husband and wife the rate applicable to them individually will only rarely be the same because one spouse will nearly always have either no blood relationship or a different degree of blood relationship.

*v. Eubanks,* 354 Mo. 301, 189 S.W.2d 295, 297 (1945). Neither party contends that the devises upon which the tax was assessed in this case created anything other than tenancies by the entireties. The dispute involves only the method of determining the amount of tax owed by the recipients of a devise to them by the entireties.

■ The State's position is a restatement of Attorney General's Opinion No. 40, January 6, 1971, which relies heavily upon decisions of this court discussing the nature of the estate by the entireties in the light of other circumstances. Central to the State's position is *Otto F. Stifel's Union Brewing Co. v. Saxy,* 273 Mo. 159, 201 S.W. 67 (1918), where the court quoted Warvelle on Real Property, § 111, to the effect that "in the estate by entirety neither tenant is seised of a part, or moiety, but both of them have the entire estate, and as this involves in itself a physical impossibility in the case of ordinary individuals it necessarily follows that effect can only be given to the grant by regarding both tenants as constituting but one person." From this point the State reasons that each husband and wife constitute a single legatee and that the devise to them is to be taxed as one devise. The State would accomplish this by adding together the exemptions granted the husband and the wife based upon their relationship to the decedent, subtracting this amount from the value of the property, averaging the rate of tax for the husband and for the wife based upon their relationship to the decedent, and applying this average rate to the remaining sum.

The approach utilized by the inheritance tax appraiser and adopted by the probate and circuit courts apparently recognized that, as a practical matter, an estate by the entirety is closely akin to a joint tenancy for purposes of the inheritance tax. For tax purposes the devise was treated as having given each spouse a one-half interest in the property. Those were then taxed, after applying the respective exemptions, at the applicable rates specified in the statute.

The latter approach was the one adopted in *In re Zipperlein's Estate,* 367 Pa. 622, 80 A.2d 817 (1951). In that case the Supreme Court of Pennsylvania recognized the established incidents of an estate by the entirety (which are identical with those recognized in Missouri) but decided that for the purpose of determining the amount of inheritance tax due, the husband and wife each should be regarded as having a one-half interest in the devised property to which their respective rates of tax should be applied. This appears to be the only reported case which has considered the question.

We conclude that the approach utilized by the appraiser and adopted by the lower courts is the correct one. It seems to more reasonably reflect the intention of the legislature. To adopt the method proposed by the State, it is necessary to lump two exemptions and apply them against a single devise, something not provided for in the statute, and then to apply against the resulting sum a tax rate not specified in the statute but rather determined by taking the mean of two rates of tax which are specified. The result is to impose a tax somewhat higher than if the husband and wife are treated as joint tenants. Under such circumstances, we interpret the statute strictly against the State and in favor of the taxpayers and approve the assessment contained in the judgment of the circuit court.

Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

All concur.