In the Matter of the ESTATE OF Myrtle M. SAWADE, Deceased.

Louise C. (Dewey) HORNSTEIN, Personal Representative, Appellant,

v.

STATE of Missouri, Respondent.

No. 73361.

Supreme Court of Missouri, En Banc.

Nov. 19, 1991.

John L. Sullivan, Dianne S. Johnson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carole Iles, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Special Judge.

Louise C. (Dewey) Hornstein, personal representative of decedent Myrtle M. Sawade, appeals from the order of the trial court assessing inheritance tax at $41,-348.00 and denying the personal representative's claim for a refund of the $41,348.00 which had been paid to the Department of Revenue prior to assessment. This Court has jurisdiction because the claim involves construction of the revenue laws. Mo. Const. art. V, § 3. The personal representative asserts that the trial court's assessment is void because it did not include a valuation of the property passing to each recipient and was in an amount less than

that which the evidence would support. We affirm.

Myrtle M. Sawade died testate on October 10, 1978. Her will was admitted to probate on November 20, 1978. Most of the decedent's assets were in a revocable living trust and thus subject to Missouri inheritance taxes. Upon the request of the personal representative, the routine appointment of a Missouri Inheritance Tax Appraiser was suspended while federal estate tax liability was being determined. The federal estate tax liability was eventually resolved by litigation. *Estate of Sawade v. Commissioner*, 795 F.2d 45 (8th Cir.1986). On May 19, 1987, the probate division of the circuit court was advised that the federal litigation was resolved. The probate division ordered the personal representative to file a petition to assess the inheritance tax. The court permitted the attorney for the personal representative to prepare a petition for the self-appraisal and assessment of the inheritance tax in order to save costs. Instead of filing a petition, the personal representative filed a receipt from the Department of Revenue, dated June 19, 1987, for partial payment of the inheritance tax in the amount of $41,-348.00. This amount represented the federal Credit for State Death Taxes. Department of Revenue regulations in effect at the time of decedent's death allowed partial payment of state inheritance taxes to be made in the amount of this credit. Mo. Code Regs. tit. 12, § 10–8.060(4) (1989). This procedure allowed the estate to pay and take advantage of this credit within the federal statutory period if assessment and full payment of estate taxes would take place after the federal time limitations had expired.

In June of 1987 the personal representative filed a claim for the credit with the Internal Revenue Service asserting, "Payment has been made to the State of Missouri of the Credit for State Death Taxes in the amount of $41,348.00." However, the Internal Revenue Service disallowed the claim for the credit, apparently because the state taxes had not been paid within the limitations period of the credit. The personal representative then requested a refund of the $41,348.00, which the Missouri Department of Revenue denied. On February 8, 1989, the personal representative filed a "Petition for Refund of Tax Deposit" in the circuit court on the grounds that the state's inheritance tax claim was barred by the ten year limitation on actions under § 145.305, RSMo 1978, (repealed).[1] The trial court denied the petition. This Court subsequently dismissed the appeal therefrom on the grounds that the order was not final because no judgment determining the amount of inheritance tax had been entered. *Estate of Sawade v. State*, 787 S.W.2d 286, 288 (Mo. banc 1990).

The personal representative then filed a petition in the trial court titled "Petition for Order Finding No Inheritance Tax nor Missouri Estate Tax Due." In this petition, the personal representative again claimed that the state was barred from collecting the tax by the limitations period contained in § 145.305, RSMo 1978, (repealed) and that the previous payment was merely a deposit pending assessment. The petition also requested that the court find no state inheritance or estate tax to be due. The Department of Revenue filed a response requesting that the petition be denied and that the court assess inheritance tax against the estate at an amount equal to or greater than $41,348.00.

After a hearing, the trial court issued its order finding that an assessment of inheritance tax was not barred by the statute of limitations and that the amount paid in 1987 was a prepayment of the tax and not a mere deposit. After finding that it could lawfully assess the inheritance tax, the trial court made its assessment as follows:

A summary review of the estate assets as of time of death could, as petitioner suggests, lead to an assessment of inher-

1. "The inheritance tax statutes in effect at the time of Ms. Sawade's death were repealed in 1981 and new sections were enacted. However, the repeal did not affect inheritance tax obligations of those dying before 1981 'in any respect, including, but not limited to, the determination of tax, interest, penalties, procedures, and periods of limitations.' § 145.009, RSMo 1986." *Estate of Sawade v. State*, 787 S.W.2d 286, 287 (Mo. banc 1990).

itance tax well in excess of the amount already paid. Since both parties and this court agree that no further taxes could be collected, regardless of what assessment would be made, either the appointment of an independent appraiser to assess the tax or the ordering of the personal representative to file a petition to assess the tax would serve no purpose and would simply be detrimental to the estate due to additional time and cost. No purpose would be served by assessing the tax at an amount higher than that already collected. Accordingly, Missouri Inheritance Tax is assessed in the amount of $41,348.00.

The trial court denied the petition for a refund. The personal representative filed a "Motion for New Judgment," which was also denied. This appeal followed.

The personal representative raises two points in her appeal challenging this order. She first claims that the order of assessment is void on its face because the court did not determine the value of or applicable rate of tax on the property passing to each recipient. She next claims the order of assessment is void because the court only assessed a partial inheritance tax. Neither of these contentions supports reversal.

■ Under the statutes applicable to this estate, the inheritance tax was a tax on the right to receive property rather than on the right to to transfer property after death. Thus the amount of tax was determined by the net value of the property received by the beneficiary from the gross estate and the relationship of the beneficiary to the decedent. *In re Gartside's Estate*, 357 Mo. 181, 207 S.W.2d 273, 276 (1947). The personal representative argues that the order entered by the trial court is void on its face because it does not identify or value the property passing to the recipients or describe the particular rates of tax applicable to the property passing to each recipient. This argument is solely a challenge to the form of the order. There does not appear to be any dispute concerning the identity or value of the property, the identification or relationship of the beneficiaries, the division of the property or the rate of tax.

The statute under which this tax was assessed was unambiguous and required simply that the court determine "the amount of the tax". Section 145.150.3, RSMo 1978, (repealed). The statute did not specify what form the order should take, or that the court was required to make any underlying findings. The statute contemplated that the identity and market value of the property would be included in the appraiser's report, if an appraiser had been appointed. Section 145.150.4, RSMo 1978, (repealed). While it was certainly appropriate for the trial court to include its underlying findings where no appraiser had been appointed, *see Goldberg v. Mos*, 631 S.W.2d 342 (Mo.1982), the statute required only a judgment determining the amount of the tax.

Moreover the personal representative did not request an opinion or findings other than a ruling that no tax was due. The Department of Revenue did not request findings but requested only that the court assess the tax at an amount equal to or in excess of $41,348.00. Because no such findings or opinion were requested, the court was not required by Rule 73.01(a)(2) to set out in its order the values of the property, the recipients, or the rates of tax applicable to the respective share of each recipient it used in arriving at its assessment. *See Dardick v. Dardick*, 670 S.W.2d 865, 867–69 (Mo. banc 1984).

■ There was substantial evidence in the record to support the assessment. The personal representative consistently stated in her pleadings in the trial court that the aggregate amount of Missouri inheritance tax would exceed $41,348.00. In addition, documentary evidence of decedent's property and its value was provided by the estate's federal Estate Tax Return, which was filed in the trial court along with all subsequent adjustments. This return scheduled and valued all property, claims and debts in the federal estate. The values were supported by appraisals or stock market listings. Any adjustments to these values were supported by subsequent audits. These resulted in a federal taxable estate of $1,139,823.17. Moreover, evidence of

the names of the beneficiaries, their relationship to the decedent, and their respective shares in the decedent's estate and trust were provided by the will, which was filed with the probate division, and the trust instrument, a description of which was in the exhibits before the court. With this evidence, the court had a sufficient basis to conclude that the amount of Missouri inheritance tax would be in excess of $41,348.00. The entry of an order fixing the amount of the assessment without making findings on the issues underlying the calculation of that assessment was not, under the circumstances of this case, error.

■ For her second point the personal representative asserts that the court's order is void because it assesses a "partial" Missouri inheritance tax. The court assessed the tax at $41,348.00 whereas the personal representative contends that a full assessment would result in a tax exceeding $60,000.00. At trial both parties and the court agreed that the ten year statute of limitations set forth in § 145.305 barred the state from collecting any further taxes from this estate, regardless of the assessment. Although the court could make an assessment more than ten years after the decedent's death, such an assessment could not be enforced by a collection action. *In re Estate of Otto*, 645 S.W.2d 1, 2 (Mo. banc 1983). The court found that a full assessment would have no purpose and would burden the estate with additional costs and delays. The court accordingly assessed the taxes at the amount already paid even though all parties agreed the evidence would support a higher assessment. This was a valid assessment of tax even if the assessment was less than what the evidence could theoretically support. To require the court to go through the process of making an assessment in a more accurate, and admittedly higher, amount would be a futile gesture because any such additional amounts would be uncollectible. The law does not compel courts to take useless acts for the sole purpose of complying with a technical requirement. *State v. Barnett*, 628 S.W.2d 917, 920 (Mo.App. 1982).

The personal representative claims the court is required to assess the exact amount because Chapter 145 does not tell her how to pro-rate the amount of tax actually paid among the recipients. This argument does not affect the validity of the court's judgment. Even if the court made a full and accurate assessment, the personal representative would be faced with the same problem because the state would not be able to collect any more tax than the $41,348.00 already collected.

The judgment of the probate division of the circuit court is affirmed.

ROBERTSON, C.J., RENDLEN, COVINGTON, HOLSTEIN and BLACKMAR, JJ., and O'MALLEY, Special Judge, concur.

BENTON and THOMAS, JJ., not participating because not members of the Court when case was submitted.